## CUMMINGS vs. WILLIAMS.

The letting of a two year old heifer and calf, the heifer to be returned at the end of four years, with another heifer three years old, is not *usurious*.

ERROR from the Oneida common pleas. Williams sued Cummings in a justice's court, and declared on a contract bearing date 12th May, 1824, by which Cummings acknowledged to have received of Williams a two year old heifer and calf, and agreed, within four years, to return the same heifer, and she to be with calf, and also another heifer three years old, also to be with calf; Williams only incurring the risk of the heifer, received by Cummings, being killed by lightning.

NEW-YORK,
May, 1830.

Cummings
v.
Williams.

The defendant pleaded usury, and a jury by whom the cause was tried gave a verdict for the plaintiff for $27. The defendant *appealed* to the common pleas of Oneida; on the trial in that court, the contract declared on was proved, and it was shewn that in May, 1828, the value of six year old cows was from $20 to $25, and of three year old heifers from $15 to $18, and that generally six year old cows were worth one third more than two year old heifers, and that three year old heifers were worth one quarter more than two year old heifers. The value of the heifer received by Cummings was proved to have been, in 1824, from $15 to $18.

The defendant moved for a nonsuit on the ground that the contract was *usurious*. The motion was denied. The defendant then offered to prove, for the purpose of shewing that the contract was usurious, that the heifer received by him was not worth, at the time of the contract, over $10; that cows six years old with calf are worth twice as much as two year old heifers with calf, and that three year old heifers with calf are worth one third more than two year old heifers with calf. This evidence was rejected by the court, and the defendant excepted. The jury found a verdict for the plaintiff, with $35 damages; on which judgment was entered and a writ of error sued out.

*C. P. Kirkland,* for the plaintiff in error. The statute of usury forbids the taking of more than seven per cent. for the forbearance of money, goods or other things. For the forbearance for 4 or 5 years of property worth $10, the plaintiff below has a verdict of $35. Such a result must have been contemplated at the making of the contract. In *Spencer* v. *Tilden,* (5 Cowen, 144,) it was shewn that the party letting cattle, as in this case, usually takes part in all risks and accidents ; here, the only risk assumed was that arising from lightning.

*S. D. Carpenter,* for defendant in error, relied upon the cases of *Spencer* v. *Tilden,* 5 Cowen, 144, *Holmes* v. *Wetmore,* (5 id. 149, n. a.,) and *Hamlin* v. *Fitch,* (Kirby's Conn. R. 260.) He further insisted that as by the terms of the con-

tract, the specific property received was to be returned, the lender might charge what he pleased, (Ord on Usury, 26 to 29;) and that the case was not varied by the fact that the compensation was to be in kind; it might as well be in cattle as in money.

*By the Court*, MARCY, J. The facts of this case differ somewhat from those in *Spencer* v. *Tilden*, (5 Cowen, 144;) but the difference is not so great, (viewing it to be a loan as that was,) as to call for the application of a principle of law different from the one which controlled that case.

There was perhaps more certainty in this case that the property to be returned at the end of four years would be worth that advanced, with the addition of seven per cent. per annum to its value, than there was in the case of *Spencer* v. *Tilden*; but there was a contingency, (a remote one, it is true,) that the whole might be lost. There is great difficulty in laying down rules as to what shall constitute usury in the loan of specific articles of personal property of fluctuating value. It was stated by way of illustration in the opinion delivered in *Hamlin* v. *Fitch*, (Kirb. Conn. ·R. 260,) that the loan of one hundred bushels of salt in 1783, when it was two dollars a bushel, for two hundred bushels to be given therefor at the end of one year, when it might well be two thirds less in value, would not have been a usurious contract. In the case of *Holmes* v. *Wetmore*, (5 Cowen, 149, note,) it was decided by this court that a contract to deliver twenty sheep of as good quality at the end of three years for ten ewes was not usurious. It 'is very desirable to discourage unconscionable bargains and deprive the extortions of the anticipated fruits of their unjust and oppressive dealings; but while indulging a solicitude to do this, great caution should be observed to avoid establishing rules of law which may restrict or interrupt the ordinary business intercourse of common life. I do not think we ought to pronounce the contract in this case usurious.

It is said this is not a contract for the loan, but for the use or hire of the property, as by the terms of the contract, the

NEW-YORK,
May, 1830.

Cummings
v.
Williams.

identical property was to be returned; that the law makes a distinction between a loan and the hiring of a specific article, to be returned after it has served a particular purpose; and that in the latter case, no question of usury can arise. It is not necessary that we should give an opinion on this view of the subject, being satisfied that the contract, taken as a loan and distinguished from a hiring for a specific purpose and then to be returned, is not usurious.

                                        Judgment affirmed.

---

Cases of May term, 1830, to be continued in the next volume.