BASIL D. STEVENSON, Appellant, *v.* ABDIEL UNKEFER, Executor of Samuel Stevenson, deceased, Appellee.

APPEAL FROM ADAMS.

A note payable "in Baltimore bank notes, with twelve and one half per cent. interest," is not usurious.

When the creditor takes a risk, by which he runs the hazard of losing the principal sum, or of taking less than the sum originally due, with lawful interest, it is not usurious for him to stipulate for or receive more interest than is prescribed by the statute; but the possibility of the death or insolvency of the debtor is not such a risk as will authorize such higher rate of interest.

The owner of a promissory note, untainted at its inception with usury, may sell it at any discount, without making the transaction usurious.

THE decree herein was rendered by O. C. SKINNER, Judge, at July term, 1852, of the Adams Circuit Court.

On the 1st day of January, 1840, the defendant, in the State of Illinois, in consideration of $800, borrowed by him of his brother, Samuel Stevenson, executed the following note, to wit: "$800. — Three years after date, I promise to pay to Samuel Stevenson or order, eight hundred dollars in Baltimore bank notes, with twelve and a half per cent. interest, the interest to be paid annually, for value received of him, this first

day of January, eighteen hundred and forty.   The above note is given in lieu of one said to be lost, the amount and date the same."

At the same time and place, he, to secure the payment of the said note, executed a mortgage of N. W. 2, 2 S. 7 W., and 40 acres off of W. side of N. E. 2, 2 S. 7 W.

Samuel Stevenson died, and Unkefer, the plaintiff, as his executor, on the 15th day of May, 1849, filed the bill in this case to foreclose the said mortgage.

The defendant, in his answer, sets up and insists on the statute against usury, and this is the only question in the case. The court decreed that the plaintiff should recover of the defendant one thousand two hundred and seventy-three dollars and twenty cents, and also his costs of suit.

From this decree the defendant below appealed, and assigns for error, that in rendering said decree the court erred.

WILLIAMS and LAWRENCE, for appellant.

WHEAT and GROVER, for appellee.

CATON, J.   This note was for $800, payable "in Baltimore bank notes," with twelve and a half per cent. interest; and the question is, Was this usurious ?   The rule of law is well settled, that when the payee takes a risk by which he runs the hazard of losing the principal sum, or of receiving less than the sum originally due, with lawful interest, it is not usurious for him to stipulate for, or receive more interest than is prescribed by the statute.   Thus, in the case of Cummings *v.* Williams, 4 Wendell, 679, where the defendant had received of the plaintiff a heifer, and agreed in four years to pay back two as good, it was held not to be usurious, upon the ground that the payee took the risk of a decline in the value of the stock, and that, at the end of the four years, the two heifers might not be worth as much as one was at the time the agreement was entered into.   The same rule was also held in Spencer *v.* Tilden, 5 Cowen, 144, and Hall *v.* Haggart, 17 Wendell, 280.   I think these cases might have been as satisfactorily decided upon another principle, — by holding the property to have been leased, and considering the increase, or compensation stipulated to be paid, as rent for the use of the property.

The case of Sharpley *v.* Hurrell, 3 Croke, is more directly in point.   There the obligee advanced money for victualling a ship, payable with ten per cent. interest, when the ship should

Stevenson v. Unkefer.

return from her voyage, and it was held not to be usurious, because the obligee took the hazard of the return of the ship, and if she had never returned, he would have lost both principal and interest. Still more analogous to the case before us, is that of Hombert v. Fitch, Kirby, 265, where the obligation was for the loan of $16,839 in final settlement certificates, and the borrower agreed to give $1,000 for the loan for six months. This was held not to be usurious, as the loan was to be repaid in those certificates, which might depreciate so as to reduce the value of what was to be paid, with the stipulated premium, to less than the value of the certificates loaned, at the time the loan was made. These cases serve to illustrate the principle. But it must not be understood that every hazard which the lender takes will justify him in taking usurious interest; for he who lends money can never know with absolute certainty that it will ever be repaid. It has been always held, that the risk necessarily incurred by every creditor, of the death or insolvency of the borrower, is not such a hazard as will authorize the lender to stipulate for more interest than is authorized by the statute of usury. Colton v. Dunham, 2 Paige, 273. But this principle does not extend so far as to prevent the owner of a note originally untainted with usury, from selling it at as great a discount as he pleases, without making the transaction usurious, and a majority of the court in the case of Cram v. Hendricks, 7 Wendell, 569, held that the indorsement of the note by the person who transferred it, did not make the transaction usurious; but his liability upon the indorsement was limited to the amount of money actually received with legal interest.

In the case before us, there was, no doubt, a palpable and substantial risk run by the payee of the note. The maker had a right to discharge the debt in Baltimore bank notes, at their nominal value, and in this action no more than their real value could be recovered. Dunlap v. Smith, 12 Illinois, 399. It is not necessary now to say whether it was the right of the payor to make the payment in the most depreciated of those notes, had there been a difference in their value, or whether he would have been liable to the extent of the most valuable. It is enough to know, that, like every thing else except money, their value was liable to fluctuate, and that in the course of commercial changes, they might become greatly depreciated, if not almost valueless in the market by the end of the three years for which the credit was given, so that the lender would lose more than the whole interest agreed to be paid. With such a contingency, the authorities are uniform, that the excessive inter-

est stipulated for, did not infect the transaction with usury. In form, it is true, this was a loan, but the real character of the transaction was more in the nature of a speculation in bank paper, than a loan of money. For eight hundred dollars paid down, one party agreed to pay to the other, at the expiration of three years, so many dolllars in Baltimore bank notes, whether their value might be more or less. Upon the trial, there was no evidence showing that they were worth less than their nominal amount, and hence, the judgment was not for too much, and the defendant below had no just cause of complaint.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*