C. I. T. Corporation, Plaintiff, *v.* Harry M. Spence, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District,
October 13, 1927.

Judgment — summary judgment — action on promissory notes given in payment for automobile — affidavit by defendant raises triable issue of usury.

This is an action to recover on promissory notes given in payment for an automobile. The defendant has set up the defense of usury. The affidavit submitted by the defendant in opposition to plaintiff's motion for summary judgment alleges facts which, if established, might convince the court that the transaction was usurious. Accordingly, a triable issue was raised and the motion for summary judgment is denied.

Motion by plaintiff for summary judgment.

*Joseph G. Myerson*, for the plaintiff.

*J. Weber App*, for the defendant.

Panken, J. On this motion for summary judgment in favor of the plaintiff for the relief demanded in the complaint, the plaintiff submits affidavit showing an indebtedness arising out of a transaction between the parties in which the defendant obligated himself to make certain payments, evidenced by negotiable instruments given in payment for an automobile purchased. The defendant in the affidavit submitted in opposition sets up a defense of usury, claiming that the transaction was usurious *ab initio*. The plaintiff refers me to *General Motors Acceptance Corporation* v. *Weinrich* (218 Mo. App. 68; 262 S. W. 425). It does not, however, cite any case supporting its contention that the transaction was not a usurious one, decided in the courts of this jurisdiction.

Where a vendor in disposing of a commodity fixes one price when paid for in cash, and another when given on credit, the transaction is one which concerns the parties, and not the court.

As has been said in 39 Cyc. 927: "A vendor may well fix upon his property one price for cash and another for credit, and the mere fact that the credit price exceeds the cost price by a greater percentage than is permitted by the usury laws is a matter of concern to the parties but not to the courts."

It, however, modifies this statement by adding the phrase "— barring evidence of bad faith."

It would seem that each case must be determined upon the facts as they are presented and are applicable in the premises. No rigid rule can be laid down under which transactions may be classified as usurious or not so.

Usury is not to be presumed. The onus is upon the defendant to prove it, and upon him is the burden of establishing his contention.

The affidavit submitted by the defendant in opposition to the application relates all the facts connected with the transaction between the parties in which the negotiable instruments were executed by him and which are the subject-matter of this litigation. If the defendant can by competent proof establish the allegations, the court might be convinced that the transaction herein is usurious. A triable issue is raised, hence the application for summary judgment must be denied.