BENJAMIN LEVINE and Another, Plaintiffs, *v.* NOLAN MOTORS, INC., and GENERAL CONTRACT PURCHASE COMPANY, Defendants.

Supreme Court, Special Term, Bronx County, August 16, 1938.

*Gould & Gould,* for the plaintiffs.

*Daniel Pinsky,* for the defendant Nolan Motors, Inc.

*John J. Dwyer* [*Harold H. Kissam* of counsel], for the defendant General Contract Purchase Company.

SCHMUCK, J. Motion to dismiss the complaint here on the ground that it fails to state facts sufficient to constitute a cause of action granted. The complaint fails to allege a cause in equity entitling them to injunctive relief. A review of the facts alleged in the complaint fails to show that plaintiffs are without adequate remedy at law. The unvarying guide is that a pleading must show factually that irreparable injury is threatened and will result, and that full compensation cannot be had at law. A mere allegation of irreparable injury unsupported by fact or circumstance tending

to justify it will not suffice. (*McHenry* v. *Jewett*, 90 N. Y. 58; *Brass* v. *Rathbone*, 153 id. 435; *Fox* v. *Fitzpatrick*, 190 id. 259.) As the complaint is studied the question arises as to what possible damage can befall the plaintiffs which could not be fully satisfied by a money judgment. The answer seemingly is none. If plaintiffs are unlawfully deprived of the automobile by replevin and sale the damage suffered is the value of the vehicle at the time the unlawful act was committed. Plaintiffs while reluctantly admitting the correctness of this principle however assert that irreparable damage might result because of discomfort occasioned by lack of personal motor transportation, inability to go on vacations and kindred inconveniences. The speciousness of this argument is instantly patent when thought is given to the countless motor vehicles available and the many comfortable and even luxurious means of travel provided for vacationists.

But a more insistent reason for disapproving the complaint is found in the fact that the pleading is conceived in an erroneous conception of the law. It finds its gravamen in the thought that a sale on credit which has for its price a sum in excess of six per cent over the cash price for the article is usurious *per se*. That this is error is overwhelmingly borne out by an impressive array of authorities with perhaps the single exception of *Universal Credit Co.* v. *Lowell* (166 Misc. 15), the prop upon which the plaintiffs undoubtedly lean. A thorough examination of the law on this subject indicates that current authority holds that the taking of excess of interest for a loan or for forbearance has no application to a sale on credit. If the sale is legitimate and not used as a cloak for a usurious loan a vendor is free to ask one price for cash and another, no matter how much higher, for credit without endangering the transaction as usurious. The difference in cash price and credit price, as was held in *C. I. T. Corporation* v. *Spence* (130 Misc. 659), is a matter of concern to the parties, but not to the courts. Unless the transaction between these parties is misinterpreted, and that seems hardly possible, it can by no stretch of the imagination be conceived as a loan or a forbearance of a debt. That being so, the charge of usury is innocuous. (*London* v. *Toney*, 263 N. Y. 439.) In the last cited authority it was stated (at p. 445): " It is a fundamental principle governing the law of usury that it must be founded on a loan or forbearance of money. If neither of these elements exists, there can be no usury, however unconscionable the contract may be." Since 1850 when the Court of Appeals in *Brooks* v. *Avery* (4 N. Y. 225) laid down this principle the courts of this State with the single exception noted have adhered to this doctrine. In the leading case of *Tierney Sons, Inc.*, v.

*Bajowski* (233 App. Div. 766; affd., 258 N. Y. 563), the court tersely but decisively stated the rule to be: " The transaction here involved is a sale of merchandise on credit, to which the usury laws have no application. The relation of lender and borrower is not involved."

The unanimity of the courts throughout the nation in approving and maintaining this theory, to mention only a few authorities, is substantiated by a perusal of *Commercial Credit Co.* v. *Shelton* (139 Miss. 132; 104 So. 75); *Commercial Credit Co.* v. *Tarwater* (215 Ala. 123; 110 So. 39); *General Motors Acceptance Corp.* v. *Weinrich* (218 Mo. App. 68; 262 S. W. 425); *E. Tris Napier Co.* v. *Trawick* (164 Ga. 781; 139 S. E. 552); *Berger* v. *Lodge* (90 Cal. App. 19; 265 P. 515); *Atlas Securities Co.* v. *Copeland* (124 Kan. 393; 260 P. 659) and *Standard Motors Finance Co.* v. *Mitchell Auto Co.* (173 Ark. 875; 293 S. W. 1026).

In consequence of the above the motion to dismiss is granted. Order signed.