ALFRED M. THOMAS et al., Plaintiffs, *v.* KNICKERBOCKER OPERATING Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, November 19, 1951.

*David Paris* for plaintiffs.

*Leo P. Rood* for Jefferson Credit Corporation, defendant.

*Harry Salvan* and *Samuel Schwartz* for Knickerbocker Operating Co., Inc., defendant.

DICKSTEIN, J.  This action was brought to have an installment promissory note secured by a chattel mortgage both cancelled and delivered to plaintiffs as well as for the recovery of all sums paid thereon.  Plaintiffs claim that the note and chattel mortgage were based on a usurious transaction arising from the purchase of an automobile for which the plaintiffs were unable to pay cash and it is conceded that the difference between the cash price and the time-selling price is greater than 6% of the cash price.  The figures are clearly and boldly set forth in the chattel mortgage agreement and it is admitted that there was no attempt to conceal or disguise the amounts involved.

The original transaction was by and between the plaintiffs and the defendant, Knickerbocker Operating Co., Inc., the dealer.  Subsequently, for value, the defendant, Jefferson Credit Corporation, purchased the note and purchase-money chattel mortgage, receiving same by assignment from Knickerbocker.

The only issue to be determined is whether the credit service charge in excess of 6% on the unpaid cash balance renders the transaction usurious.

Usury is defined by the statute (General Business Law, §§ 370, 371) as the taking or receiving " any greater sum or greater value, for the *loan* or *forbearance* of any money, *goods* or things in action " than 6% per annum.  (Italics supplied.)  While the word " *goods* " is mentioned in the statute as the subject matter of a loan (which is apparently the reason for the plaintiffs' position in this matter) it has been held to apply only to the loan or forbearance of money.  (*Bull* v. *Rice,* 5 N. Y. 315; *Spencer* v. *Tilden,* 5 Cow. 144; *Cummings* v. *Williams,* 4 Wend. 679.)

To constitute a loan there must be a borrower and a lender and as intimated by the Court of Appeals in *Stockwell* v. *Holmes* (33 N. Y. 53), where there is no loan, there can be no usury; the term " forbearance " means the giving of additional time after the obligation becomes due and payable.  (*Dry Dock Bank* v. *American Life Ins. & Trust Co.,* 3 N. Y. 344; *Hogg* v. *Ruffner,* 1 Black [U. S.] 115; *London* v. *Toney,* 263 N. Y. 439.)

In the case at bar, the granting of time was a consideration for the sale without which the sale would not have been consummated.  It is obvious that deferred payments in installment sales is not " forbearance " as defined in the statute.  The price of merchandise can and does vary in cases where the seller exacts a larger sum when payments are made on credit.

There are many business concerns which habitually charge less for standard merchandise simply because they deal on a cash basis only.

As a matter of fact there is no law which compels a sale *at any fixed price.* There are still many business establishments where prices are fixed on the principle of bargaining between seller and buyer and, of course, there will be even more bargaining where the price is not payable in immediate cash.

The plaintiffs urge upon the court that the charges made for the sale, in the case at the bar, are an " exorbitant exaction ". There is nothing in the record of this case which would call for the exercise of any public policy to declare this transaction void or usurious. It is not the sale of any article which was subject to any price regulation nor was there any legal prohibition preventing the seller from contracting at the price fixed by it.

In the case of *Meaker* v. *Fiero* (145 N. Y. 165) the court says on page 170, " It is a fundamental principle governing the law of usury that it must be founded on a *loan* or forbearance of money. If neither of these elements exists, there can be no usury, however unconscionable the contract may be." (Italics supplied.)

This certainly was not a transaction where a needy borrower came to a money lender and was compelled to borrow on lender's terms no matter how onerous. The usury statutes were framed for the benefit of such borrower and not for the purchase of goods on credit.

Nor is there any force in plaintiffs' argument that the instrument in question, having been sold or assigned *to a third party,* destroys the legality of this transaction. It will be conceded that there would be no element of usury in this case, if the seller of the automobile had retained the note and the contract and had itself made collections from the buyers. Clearly, if the instrument was valid in the hands of the original party, its validity could not be destroyed by its subsequent assignment to another.

The plaintiffs seek to make a distinction by showing that the sale on a time basis afforded the dealer a means to secure the unpaid cash price. While the credible evidence does not support a finding that there was a prior arrangement, from what was said in *Brooks* v. *Avery* (4 N. Y. 225) the buyer may agree that the seller's ability and arrangement to sell the contract and realize cash can be a condition precedent to the

consummation of the sale, without rendering the transaction usurious.

In the cited case, Judge JEWETT, who delivered the opinion of the Court of Appeals, said (p. 229): " The evidence, in my judgment, shows clearly that the upshot of the whole negotiation and contract was that Williams would not sell unless the sale would produce him in hand $10,000, or thereabouts. But he would sell, upon a credit, for $12,000, upon condition that he could first ascertain that Samain's bond and mortgage for that sum, upon the credit specified, with interest, would sell for $10,000 cash in hand. That was ascertained, upon which the contract was consummated, and carried into effect ".

Judge JEWETT continued: " The transaction between Williams and Samain, so far from being tainted with usury, is shown to be nothing more than the ordinary case of an owner of property, desirous to sell, making a difference in price between a sale for cash in hand and a sale on time; with the further caution, not to sell absolutely, till he ascertains that the security proposed to be taken for the price on time, will sell for a sum in cash equal to the sum he is willing to sell for being paid cash in hand; a caution that the owner has a legal right to exercise without being liable to have usury successfully imputed in the contract."

Since 1850, when the Court of Appeals in *Brooks* v. *Avery* (*supra*) laid down this principle, the courts of this State have adhered to the doctrine that the difference between the cash price and the time-selling price is not subject to the usury statutes. (*Moldovan* v. *Hebenstreit, Inc.*, 266 App. Div. 998; *Jackson* v. *Westchester Auto Credit Corp.*, 267 App. Div. 890, affd. 293 N. Y. 840; *Morris Plan Ind. Bank* v. *Faulds*, 269 App. Div. 238; *McAnsh* v. *Blauner*, 222 App. Div. 381, affd. 248 N. Y. 537; *Archer Motor Co.* v. *Relin*, 255 App. Div. 333; *Levine* v. *Nolan Motors*, 169 Misc. 1025.)

Plaintiffs rely chiefly upon *Benton* v. *Sun Industries* (277 App. Div. 46). In the cited case, the court reaffirmed the principle that the usury statutes do not apply to the sale of merchandise on credit but went on to state (p. 48): " This case should not be disposed of summarily but should proceed to trial so that all issues may be determined only when all of the facts are fully revealed after a plenary trial." Clearly the cited case has no application to a state of facts such as here presented. The evidence established that the buyers (plaintiffs) were advised by the seller of the cash price and

the time-selling price; the buyers understood that there was a difference in price and agreed to purchase the automobile on an installment plan and no claim is made of fraud or misrepresentation. Under these facts, the transaction involved the purchase of an automobile on credit. The courts have consistently held that the usury statutes do not apply. If the contract was valid in the hands of the dealer, it is enforcible by Jefferson Credit, the dealer's assignee.

The above constitutes the decision of the court under section 440 of the Civil Practice Act. Judgment for the defendants dismissing the complaint on the merits.