RENTWAYS, INC., Respondent, *v.* O'NEILL MILK & CREAM Co., INC., Appellant.

*Per Curiam.* We find that the agreement involved in the first cause of action may be treated as divisible, and that the performance was in fact divided by the way the delivery and receipt of the trucks were separate as between the small and large trucks. The rental period or term as to the four new, small trucks commenced as of June 1, 1946, and ended on May 31, 1949. The term as to the two large, new trucks commenced October 22, 1946, and ended the same date in 1949. A cancellation as of May 31, 1949, constituted no breach as to the small trucks, but did constitute a breach as to the large trucks, and plaintiff is entitled to its damages on that breach. Prima facie the amount of damages would be $126 a week (two trucks at $63 each) for twenty weeks and three days, or $2,583. From that sum two items must be deducted: (1) the sums received from rentals to others during the period in question with proper adjustment as to the terms of such other rental agreements; and (2) any amounts saved with respect to fuel, maintenance, etc., in failing to use the trucks. If the parties wish to stipulate these two deductions we will order judgment in a specific amount, otherwise the amount to be set off may be fixed on a new trial confined to these items.

Liability on the second cause of action appears to be conceded in the sum of $360.72, without interest.

The judgment should be modified accordingly. Settle order.

BREITEL, J. (dissenting). I cannot concur with the majority of this court because its views depend upon a finding that the contract in suit was divisible.

Whether a contract is divisible or not is normally a question of intention of the parties (3 Williston on Contracts, §§ 860A *et seq.*). Consequently it might have been a question of fact for the trier of the facts, defendant having claimed that the written contract was ambiguous. The Trial Justice found that the contract was not divisible. This should suffice to determine the issue, if there were credible evidence to support such finding. There was more than that, and the issue does not remain one of fact in this case. The record compels the finding that this was not a divisible contract, as a matter of law, and the trier of the facts had no choice.

Mr. Cosgrove, a witness offered by defendant, testified: " Mr. Leo O'Neill asked me why the trucks had taken six months to be delivered, and why the contract did not become effective ninety days after the date he put his signature on the contract ".

Mr. Cosgrove testified further that he " told Mr. O'Neill, both O'Neills, that Mr. Rose had told me over the telephone that when the balance of the trucks were delivered, he would adjust the matter of the starting date of the contract ".

Again, Mr. Cosgrove, defendant's witness, quoted defendant's officer, Mr. Leo O'Neill: " He said, ' You are offering me a contract with no starting date.' He said, ' If you prefer to put one truck in my service at a time for the next six years, I will then have a nine year contract.' " Mr. George O'Neill of defendant did not testify contrary to this, but he did say, " He ", referring to Mr. Cosgrove, " promised us within ninety days or even sooner, he would deliver to us the six trucks mentioned in the contract."

Consequently defendant's proof is to the effect that the contract was not divisible and that it was to commence when six trucks were to be put into service.

Equally striking, but not as compelling legally, is defendant's failure to respond or object to plaintiff's letter in 1946 noting that the terms of the contract had begun with the placing of six trucks in service.

While it is arguable that a divisible contract would provide a seemingly just rule of damages, that is not within our province. Only the parties could make a divisible contract. They did not. The consequence of damages and their measure follows, to me it seems, inexorably.

The judgment should be affirmed.

Peck, P. J., Dore, Callahan and Bastow, JJ., concur in Per Curiam opinion; Breitel, J., dissents and votes to affirm in opinion.

Judgment modified in accordance with the opinion herein. Settle order on notice.