Peter M. Daly, J.
The plaintiff in this case is the assignee of a contract to purchase real property. It sues the defendant Kriss, the vendor under the contract of purchase and sale, to recover the down payment of $4,000, $274.40 its expense for examination of title and $750 for counsel fees, for a total of $5,024.40, and that it be adjudged to have a vendee’s lien on the premises for the sum of $4,274.40 and that the premises may *639 be directed to be sold as in foreclosure to satisfy said lien. It now moves for summary judgment for said relief.
Upon the papers and documentary proof presented herein the court can find no merit to either of the defenses asserted in the answer or to the vendor’s counterclaim. The contract was duly assigned to the plaintiff which succeeded by force of the assignment to the position of the original vendee. (Lenman v. Jones, 222 U. S. 51, 54; Elterman v. Hyman, 192 N. Y. 113, 119-120.) When the vendor could not convey title pursuant to the terms of the contract, the plaintiff, as the assignee thereof, became entitled to the return of the deposit which was expressly assigned to it. The vendor could not compel either the original vendee or the assignee to accept the so-called “ 608 Plan ” as a substitute for the term of the contract he could not perform since that term was materially different from the plan tendered by the vendor. In addition, the latter had notice of the assignments and each of the two successive assignees, in turn, assumed the obligations of the contract.
It has been held that a vendee has an equitable lien for the down payment where the failure to carry out the sale has not been the result of any default on his part. (Holden v. Efficient Craftsman Corp., 234 N. Y. 437; Occidental Realty Co. v. Palmer, 117 App. Div. 505, affd. 192 N. Y. 588.) He has no such lien for the expenses of the examination of title (Ungrich v. Shaff, 119 App. Div. 843) unless such expenses were made a lien by the contract. (Bulkley v. Rouken Glen, Inc., 222 App. Div. 570, 577, affd. 248 N. Y. 647.) Here the plaintiff has an equitable lien for both, since the contract expressly provides that all sums paid on account thereof and the reasonable expenses of the examination of the title to the premises shall be liens thereon, but such liens shall not continue after the default of the purchaser under the contract. Inasmuch as the plaintiff was not in default under the contract, it is entitled to an equitable lien for the amount of the down payment with interest and the reasonable expenses of the examination of title. The plaintiff is not entitled to counsel fees since the contract specifically provides that in the event the seller is unable to convey title in accordance with the terms thereof, his sole liability will be to refund ‘ ‘ the amount paid on account of the purchase price and to pay the net cost of examining the title, which cost is not to exceed the charges fixed by the New York Board of Title Underwriters ”,
Summary judgment in favor of the plaintiff is granted accordingly. If the parties wish to stipulate the amount of the *640 net cost of examination of title, in accordance with the provisions in the contract, the court will order judgment in a specific amount, otherwise the amount thereof may be fixed and determined by an official referee. (Cf. Rentways, Inc. v. O'Neill Milk & Cream Co., 282 App. Div. 924, affd. 308 N. Y. 342.)
Settle order.