Walter R. Hart, J.
Defendant moves to dismiss for insufficiency each of the four causes of action separately alleged by each of the two plaintiffs. Plaintiffs move to renew their motion, heretofore denied, for an injunction restraining defendant from assigning or selling certain conditional sales agreements and promissory notes executed by the plaintiffs and from taking any action to foreclose thereon and to enjoin defendant and its assignee, Standard Financial Corporation, from taking any steps to foreclose plaintiffs’ rights in the vehicles purchased by plaintiffs under their respective conditional sales agreements. The Standard Financial Corporation is not a party to the action.
The first cause of action of each plaintiff, challenged here for insufficiency, seeks rescission of the conditional sales agreement, the dealer’s franchise agreement between the parties and the leasing agreement of certain equipment. The alleged basis for the rescission is a conglomeration of elements of fraud, breach of the agreements and violations of expressed and implied warranties. None of the theories is adequately or sufficiently stated to sustain a cause of action for rescission. Facts constituting essential ingredients with respect to each theory are lacking.
Plaintiffs in their brief urge that the first cause of action sufficiently alleges a basis for rescission of the conditional sales agreement by reason of the breach in the sale of the trucks of the implied warranties of fitness for use for the purpose intended and of merchantability. Plaintiffs, in addition to pleading the breach of the warranties in a conclusory manner, have failed to allege the facts required by subdivision 3 of section 150 of the Personal Property Law, showing that they notified defendant within a reasonable time after the discovery of the breach of their intention to rescind. In Opler Bros. v. Ceylon Cocoa & Coffee Co. (175 N. Y. S. 829 [App. Term, 1st Dept.]) it was held that where plaintiff has attempted to set up in a complaint a cause of action demanding rescission of the contract because of a breach of warranty as to quality, it must appear from the complaint that the plaintiff discovered the defect within a reasonable time under all of the circumstances of the case and that he rescinded the contract and notified the vendor of the rescission within a reasonable time. As observed, these allegations are lacking in the instant complaint.
Accordingly, the first cause of action of each of the plaintiffs is dismissed for insufficiency with leave to replead.
*81 The second cause of action of each of . the plaintiffs seeks damages by reason of the facts set forth in the first cause, of action. The copies of the complaint served on the. defendant fail to set forth the damages claimed though the copies before the court have inserted therein in ink. the amount of damages alleged to have been sustained (which coincide with the amount claimed to have been paid on account of the purchase price). Since the copy as served on defendant is the one the motion is addressed to, the motion is granted and the cause of action is dismissed with leave to replead.
The third cause of action seeks recovery of the part payments and the rescission of the conditional sales agreement on allegations that the transaction between the parties was usurious since in the sale of the trucks on time defendant required plaintiffs to pay certain specified excessive charges for the “ forbearance of collection ” of the balance of the purchase price. Clearly this purported cause of action is legally insufficient. There can be no usury where there is no loan. Where the difference between time-selling prices and the cash sales price exceeds more than 6% the interdiction of sections 370 and 371 of the General Business Law against usury is inapplicable. •(Thomas v. Knickerbocker Operating Co., 202 Misc. 286; Bull v. Rice, 5 N. Y. 315; Matos v. Certified Store Equip. Corp., 132 N. Y. S. 2d 854.)
Accordingly, the third cause of action is dismissed. Since plaintiffs cannot under the circumstances recover on this theory they will not be permitted to replead with respect thereto.
In each of the respective four causes of action plaintiffs state, after alleging the facts previously set forth, that defendant may transfer the notes to a holder in due course and assign the conditional sales contract to such a holder. Plaintiffs then ask for an injunction restraining such negotiation. There is, however, no allegation that the said negotiable instruments are in defendant’s possession and have not been negotiated. On the contrary, in their prayer for relief, plaintiffs ask that defendant and its assignee, Standard Financial Corporation, be enjoined from declaring a forfeiture on each of the plaintiffs’ parts of his rights and that they be restrained from taking steps to foreclose. If the notes, prior to the institution of this action, Avere negotiated by defendant and the conditional sales agreement assigned, the court, in the absence of the present holder of the notes as a party, could not act Avith respect thereto. It was for this reason that the court denied the motion for a temporary injunction in the first instance. Failure to allege that defendant at this time possesses the notes and has not *82 negotiated them renders the cause of action defective and accordingly saíne is dismissed. Since plaintiffs, in support of the motion to renew the application for an injunction, have sworn that Standard Financial Corporation may reassign the notes to defendant, plaintiffs will be given leave to replead the cause of action if in fact the notes have been reassigned to defendant. In the interim the motion for leave to renew the temporary injunction is denied. Plaintiffs have failed to show facts warranting the granting of this relief at this time.