Johit H. Galloway, Jr., J.
In this action for judgment declaring a contract for the sale and purchase of real property to be void, as usurious, and to recover the down payment of $25,000 thereon or, in the alternative, for a lien in the amount thereof upon the real property covered by said contract of sale, defendant moves before answer: (1) pursuant to CPLR 3211 (subd. [a], pars. 1, 7) to dismiss the complaint on the grounds that a defense thereto is founded upon documentary evidence, and that the complaint fails to state a cause of action; and (2) pursuant to CPLR 6514 (subds. [a], [b]) directing the cancellation of the notice of pendency filed herein on various grounds.
The facts as alleged in the complaint and moving papers are simple, and, except for the parties’ contentions as to the legal effect thereof, they are not in dispute. To the extent that the material and ultimate facts of the transaction here involved are alleged in the complaint, they must be assumed to be true on this motion to dismiss for insufficiency, as must any reasonable inferences that may be drawn therefrom (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451; Stuberfield v. Long Is. City Sav. & Loan Assn., 37 Misc 2d 811; Carroll v. Doolittle, 21 Misc 2d 203).
The plaintiff Raben is the original contract purchaser and the defendant is the original contract seller of a parcel of real property in the City of White Plains. The contract, dated March 29, 1966, provides for payment of the purchase price of $275,000, as follows: $25,000 upon the signing of the contract; $50,000, with interest thereon at 7%% on the closing of title on September 29,1966; and the balance of $200,000 by the purchaser or his assigns executing and delivering to the seller on closing of title a bond or note secured by a purchase-money first mortgage in that amount, payable in full in stated installments of *615 principal within two years from the date of contract, with interest thereon at 7V£%. The corporate plaintiff, Park Lane Commercial Gorja., is Raben’s assignee of the contract of sale, said assignment having been given as additional collateral security, pursuant to a loan agreement executed by Park Lane, Raben and others (in which defendant had no part).
Plaintiffs claim that the contract of sale is usurious and void, in that the interest to be charged by defendant at 7Vz% is in excess of the statutory limit of 6% for the loan or forbearance of money. Plaintiffs speak about the contract being usurious because “ through the guise of a conveyance defendant sought to charge an illegal rate of interest ’ ’; also about defendant having sought to cloud the true nature of the agreement, which was to enhance the total purchase price far above the actual value of the property, by the use of the device of a purchase-money mortgage and interest charges thereon in excess of the statutory limit of 6%.
The fact remains that the complaint rests upon the bare claim that the contract of sale calls for a rate of interest in excess of the legal limit of 6% and is therefore usurious and void. Plaintiffs urge that, irrespective of the form of the transaction, the court’s concern should not be whether, in the technical sense, it was a loan or forbearance, but rather whether in fact “ there was usury within the precepts of that which the law was designed to protect ”, i.e., the protection of plaintiffs against payment of a purchase price far above that for which they bargained, by the device of an excessive rate of interest on the purchase-money mortgage.
Defendant stands on its claim that the transaction was a plain, straightforward sale of real property, which involved neither a loan nor a forbearance of money, and that, consequently, there can be no usury under the applicable statutes. It urges that a bona fide sale of real property (as here) can never support a claim of usury, and it appears from its citations of authority in support thereof, that it stands also on the proposition (derived from the cases cited) that such an interest charge at iy<2,°fo in this instance was simply a means of increasing the purchase price, to which plaintiff Raben agreed. Defendant quite candidly says in effect — this may be hard dealing (even for “ businessmen as sophisticated as the plaintiffs ”), but it is not usury, under the decisional law.
Whether the complaint states a cause of action depends upon whether the contract of sale is usurious and void because its terms provide for a purchase-money mortgage in payment of the balance of the purchase price at an interest rate of 7%%, *616 winch is in excess of the statutory limit of 6% for “ the loan or forbearance of any money” (General Obligations Law, §§ 5-501, 5-511). If the contract is usurious, the complaint states a cause of action and the motion to dismiss for insufficiency must be denied. If it is not, the motion must be granted.
The defendant urges that the transaction involves a simple sale of real property at a “ price ’ ’ inclusive of the interest in excess of 6% and does not involve either a loan or a forbearance of money, and that, consequently, there can be no usury under the applicable statutes. We cannot agree with this position. We are of the opinion that the proposed purchase-money mortgage transaction constituted in fact and in law a forbearance of money for which defendant exacted a rate of interest in excess of the statutory limit, and that therefore the mortgage and the contract of sale are void for usury.
We are not here dealing with a sale of property for which a price for cash was fixed and a higher price for credit or deferred payment was exacted and accepted. The cases which exempt such a transaction from the proscription of the usury statutes are legion — but they are not here controlling, because they are distinguishable on the bare uncontroverted facts here presented.
Plaintiffs and defendant agree that the transaction here involved is a simple contract for the sale of real property for which payment is to be made partly in cash on contract and on closing title and the balance by delivery of a purchase-money bond or note and mortgage payable in stated installments within two years from the date of contract. On the very face of the contract, the price is fixed at $275,000, payable on the foregoing terms. There is not a scintilla of suggestion that there had been or was a lower price fixed for “ cash on closing ”, and that the excessive interest rate was a method of exacting an increased price in consideration of the two-year deferred payment of the full stated price.
In our opinion, to construe (as here contended by the defendant) the taking of 7%% interest on the balance of the purchase price as a part of the purchase price arrangement or as merely a permissible increase in the purchase price, is to indulge in a form of rationalization so artificial as to lack substance in fact or reason. Analysis of the transaction at bar discloses that the purchaser, upon closing and delivery of title, will become indebted to the seller for the balance of the agreed purchase price, the final payment of which the seller has agreed to defer for two years, and to secure which the purchaser has agreed to deliver a purchase-money mortgage. This, in our opinion, *617 constitutes a forbearance ■ of a monetary obligation or debt (arising upon the signing of the contract of sale in the first instance and with finality on the passage of title) within our usury statutes.
That this is the case, let us consider the traditionally accepted legal concepts of such a mortgage. ‘ ‘ A purchase-money mortgage on land is a mortgage executed at the time of the purchase of the land and contemporaneously with the acquirement of the legal title or afterwards, but as a part of the same transaction to secure an unpaid balance of the purchase price.” (1 Wiltsie, Mortgage Foreclosure [4th ed.], § 271, p. 377; 19 R. C. L., Mortgages, § 196, p. 416; 38 N. Y. Jur., Mortgages and Deeds of Trust, § 37; Syracuse Sav. & Loan Assn. v. Hass, 134 Misc. 82, 85). Again, “a mortgage * * '* is simply security for a debt or other obligation (Sullivan v. Rosson, 223 N. Y. 217) ” it is security for the money owing, and referred to in it (Kortright v. Cady, 21 N. Y. 343, 347), “upon the mortgaged premises as an incident to the debt which it is intended to secure, and it cannot be separated from the debt and exist independently of it ” (38 N. Y. Jur., Mortgages and Deeds of Trust, § 1; emphasis added).
Under the instant contract of sale, upon the closing of title the purchaser becomes indebted to the seller in the sum of $200,000, the balance of the agreed price, the payment of which the seller forbears for two years at 714% interest. This is the price of its forbearance. Section 5-501 of the General Obligations Law forbids the taking, directly or indirectly, of interest in excess of 6% “ for the loan or forbearance of any money ”. Here there is no actual loan of money by the seller to the purchaser. But the absence of a loan in the form of a passing of money, does not absolve the transaction from the proscription of the usury statutes.
In London v. Toney (263 N. Y. 439 [1934]) the Court of Appeals held that the usury statute is not confined to those instances arising from the actual loan of money, but is equally applicable to the deferment or forbearance of a money debt otherwise created and growing out of the sale of land. Here, upon closing of title we believe that the balance of the purchase price in the sum of $200,000 will constitute a debt created and growing out of the sale of the land in question, and that the deferment of final payment thereof for two years constitutes a forbearance of an existing money debt. The price of such forbearance is, on the face of the contract, a rale of interest in excess of the statutory limit of 6%. This constitutes usury, in fact and law.
*618 In London v. Toney (supra) the defense of usury was sustained in an action on a contract guaranteeing payment of a purchase-money bond and mortgage assumed by the purchaser of real property, in consideration of an extension of the time of payment of the principal due thereon, with interest, where the guarantor gave to the mortgagee his notes for an amount in excess of legal interest. The appellant, assignee of the purchase-money mortgage argued that where there is forbearance of money but no loan, there can be no usury; and that, since a purchase-money mortgage is not given as security for a loan but merely for a deferred payment, there is no loan and no forbearance —- that is, no one borrows and no one desists or refrains from collecting money then due, and usury cannot attach either to the extension of the purchase-money mortgage due date or to the guarantee of payment thereof.
In rejecting the appellant’s contentions, the Court of Appeals (per O’Bkien, J.) cited several authorities and quoted Chancellor Kent’s summary of the law of usury set forth in Van Schaick v. Edwards (2 Johns. 355, 364) (which involved the validity of notes given for the purchase of land) as follows (pp. 442-443): “Usury is taking more than the law allows, for forbearance of a debt; and whenever a debt is created, and there is an agreement to pay more than the legal interest for forbearance of payment of it, such agreement is usurious [citation omitted]. # * # T0 make an agreement usurious, it was held necessary only that there should be a debt created, on such sale, and a corrupt agreement, to take illegal interest thereon, for forbearance of payment.”
In Ganz v. Lancaster (169 N. Y. 357 [1902]) the Court of Appeals held that a contract to extend the time of payment of a mortgage debt (incurred by defendants’ predecessor in title), made between the holder of the mortgage and one who had purchased the premises subject to it, but without assuming it, was usurious where as a condition of granting such extension the holder of the mortgage required the owner to assume the mortgage debt and to pay a sum above the legal interest for such extension or forbearance. The court said (pp. 364-365): “ Thus, at the very inception of any supposed personal liability of the defendants Lancaster and as a part of the contract by which it is assumed, they were required to pay an usurious consideration which clearly affected the validity of the contract, not only as to their assumption of personal liability, but also as to the forbearance for the period of one year. It is difficult to perceive any distinction between a case where an agreement is in part to obtain usury and in part to make parties personally *619 liable for a debt, and a case where a personal liability already exists and the usurious agreement follows. In either case the usury is paid to procure the forbearance of payment of a debt for which the party is personally liable, and if the agreement was valid the party assuming the liability would be as much bound in the one case as in the other when the agreement for usury was made, the only distinction being that in one case there is a pre-existing liability, and in the other it is a part of the usurious contract between the parties.” (Emphasis added.)
The court continued (p. 366): “ We think the agreement for forbearance of the mortgage debts for one year, having been based upon an usurious consideration, was void, and, consequently, there was no valid extension of the mortgages, nor were the defendants Lancaster liable upon the assumption which was a part of the same agreement ”.
We are aware of the line of cases which hold that the prohibitions against usury are inapplicable to a sale of property or merchandise on credit (for example, Brooks v. Avery, 4 N. Y. 225; Levine v. Nolan Motors, 169 Misc. 1025; Tierney Sons v. Bajowski, 233 App. Div. 766 [2d Dept.], affid. 258 N. Y. 563; Thomas v. Knickerbocker Operating Co., 202 Misc. 286; Archer Motor Co. v. Relin, 255 App. Div. 333; and Jackson v. Westchester Auto Credit Corp., 293 N. Y. 840; all of which, except Levine v. Nolan Motors, are cited in Congress Financial Corp. v. Patti, 26 A D 2d 924 [1st Dept.]). The theory of those cases appears to be that, if the sale is “ legitimate ” and “ not used as a cloak for a usurious loan ”, a vendor is free to ask one price for cash and another price (no matter how much higher) for credit, without endangering the transaction as usurious. Such cases are not here in point, they being distinguishable on their facts from those in the case at bar.
But we again observe that the Court of Appeals in London v. Toney (263 N. Y. 439, 443 [1934], supra) has clearly expressed its approval of Chancellor Kent’s summary of the law on usury (in part) that “ To make an agreement usurious, it was held necessary only that there should be a debt created, on such sale, and a corrupt agreement, to take illegal interest thereon, for forbearance of payment ” (emphasis added) and held that the extension of a contemporaneously assumed purchase-money bond and mortgage constituted the forbearance of a money debt then created by the transaction, which was void for usury because of the illegal interest exacted therefor. Since the London decision, the Court of Appeals appears not to have had occasion to rule on the usury aspects of the substantially similar factual situation here presented.
*620 We consider some of the cases (whose facts arc somewhat related to those at bar) relied on by defendant in support of its claims that the instant transaction involved neither a loan nor a forbearance of money, without which there can be no usury, and that a true sale will never support a claim or defense of usury. We find them either distinguishable on their facts, or that the “ principles ” for which they are cited wTere not the bases of the holdings therein: Orvis v. Curtiss (157 N. Y. 657, 661) involved a joint venture for the purchase of stocks wherein defendant agreed that plaintiff’s advance of capital to the joint venture was in fact a concealed loan of money. Since the advance of capital was neither a lending nor a borrowing there could be no loan, and the facts also showed that there was no forbearance; Cutler v. Wright (22 N. Y. 472, 482 [I860]) involved a defense of usury to an action on a promissory note given by defendant upon a sale of lands in Florida at a rate of interest in excess of the legal rate in New York. Judgment for plaintiff was affirmed (5 to 1) on the ground that defendant had failed to allege and prove the foreign law which rendered the contract usurious, as well as upon the ground that on the trial below it had been assumed, as proved or admitted, that the law of Florida allowed interest at the rate of 8%. In a concurring opinion Judge Seiden (in turn concurred in by Chief Judge Comstock) cited another reason why the defense of usury could not prevail — -i.e. because the transaction in substance was that the purchase money was to be paid in installments, and therefore the note was not given for a loan of money or for a pre-existingdebt of any kind. This was not the basis of the majority’s decision of affirmance.
Flagg v. Fisk (93 App. Div. 169, 174 [1904]) involved the sale by the widow of a deceased partner of the firm business to the surviving partner, in consideration of the latter’s agreement to pay the widow’s mother’s claim of an amount due her on the firm’s books, with interest thereon at 10% after all other firm creditors had-been paid. Held, not usurious, because the consideration for paying such claim was the sale of the partnership business and the right to continue it without liquidating the firm’s affairs, and not the loan or forbearance of money by the widow’s mother.
Del Rubio v. Duchesne (284 App. Div. 89 [1st Dept., 1954]) involved an action by an assignee of a purchase-money mortgage for foreclosure and sale against the mortgagors’ grantee, and against the mortgagors for a deficiency judgment. The defendants mortgagors asserted that the mortgage was usurious and unenforcible. Special Term was of the opinion that usury was *621 no answer to the foreclosure of a purchase-money mortgage and granted plaintiff summary judgment. In reversing that judgment as against the mortgagors to the extent that it permitted a deficiency against them, and remanding the action for trial, the Appellate Division held that the defense of usury was available to the mortgagors, on the factual issue whether the mortgage transaction was a bargain of price with the named mortgagee who then sold the property, or whether it was “ the loan ” made by the plaintiff to which the statutory proscription applies. In Del Rubio, the seller, Rosado, offered the property to the mortgagors defendants purchasers for $10,000, who paid $3,000 cash and executed an $11,000 purchase-money mortgage which Rosado immediately assigned to the plaintiff, the actual money lender, who did not explicitly deny that he loaned only $7,000 for his $11,000 mortgage. This is clearly not the case at bar. Indeed, Mr. Associate Justice Bebgax wrote (pp. 91-92) : “If on the trial it be found as a fact that the $11,000 mortgage did not truly reflect the magnitude of the purchase price, but that it was a device by which plaintiff received an $11,000 mortgage on a loan of $7,000 as part of a transaction in which the full consideration between seller and buyer was fixed at $10,000, and in which the forms of instruments were used merely to cloak a usurious transaction, the court would be justified in granting appropriate relief to the parties whose legal rights were affected.”
McAnsh v. Blauner (222 App. Div. 381 [1st Dept.], affd. 248 N. Y. 537 [1928]) is not in point, since the interest rate therein complained of (8%) was legal in Florida. That was an action on a note bearing interest at 8% made and payable in Florida, and given pursuant to a written contract as part consideration for the purchase of real estate in Florida. Hence the court’s ruling that there was no usury. Accordingly, its statement that a contract providing for a rate of interest in excess of the legal rate upon a deferred payment, ‘ ‘ which constitutes the consideration for a sale, is not usurious ” was dicta. Equally inapposite is Florida Land Holding Corp. v. Burke (135 Misc. 341, 342 [N. Y. County, 1929]) an action on promissory notes representing deferred payments of the purchase price of real property providing for interest in excess of 6%, wherein it was held, on the authority of the dicta in McAnsh v. Blauner (supra), that the excessive rate of interest did not render the notes usurious.
The holding in Frank v. Davis (6 N. Y. S. 144, 145, affd. 127 N. Y. 673 [1891]) that “ no usury can be predicated on an agreement to sell real estate and receive in payment therefor a purchase-money mortgage bearing- the legal rate of interest, to be *622 calculated from a date prior to the agreement ’ ’ -is not here apposite, because the case is distinguishable on its facts. There, the vendee had defaulted on a prior sale of the same realty. The subsequent sale provided for the calculation of interest at the legal rate from the earlier contract date. The court said (pp. 145-146): “In such a contract the provision for computing interest from some past date is simply a means of increasing the purchase price. * * * Viewed as a whole, and fairly, the transaction seems to have been nothing more than a method of agreeing upon a higher purchase price for the land to be sold than that provided for in the first contract. ’ ’
This is clearly not the situation in the case at bar.
Butts v. Samuel (5 A D 2d 1008) was an action by an assignee to foreclose an alleged purchase-money mortgage, wherein a defense was interposed that the mortgage was given to secure a usurious loan, and that the mortgagee was really a lender rather than a seller. Judgment of foreclosure after trial was reversed and a new trial granted on the ground that the Trial Referee had erroneously excluded competent evidence of a usurious loan, and that the mortgagee was really a lender rather than the seller, although it appeared that the mortgagee was a contract purchaser of the mortgaged premises, and that appellants had acquired the mortgagee’s rights to the contract by assignment. Obviously, these are not the facts in the case at bar. Furthermore, the court’s statement that “ there is no usury in the normal purchase-money mortgage transaction where a seller demands a higher price because the consideration is not all in cash ” was not there determinative of the appeal and is not here controlling on the facts.
Bennis v. Thomas (14 A D 2d 895 [2d Dept., 1961]) was an action by assignees of a purchase-money mortgage to foreclose same. Defendants mortgagors appealed from a judgment after trial which dismissed their defense and counterclaim based on usury. It appears from the record therein that the facts of the mortgage transaction were substantially dissimilar from those at bar. The Appellate Division affirmed on the grounds that there was no proof that the mortgage in question (given at the time the mortgagors took title to the real property, and at the same time assigned to plaintiffs) was given to conceal usury, and that in any event defendants were estopped from resisting foreclosure by their delivery of an estoppel certificate of no defenses to the mortgage at the time of the transaction. Accordingly, the decision in Bennis is not here controlling.
We note, finally, the very recent decision of Mr. Justice Samauskt in Mandelino v. Fribourg (N. Y. L. J., June 2, 1967, *623 p. 18, col. 1 [Sup. Ct., Kings County, Special Term]), wherein the court dismissed the complaint in an action for a declaratory judgment to void a purchase-money mortgage for usury. There, plaintiff was the original purchaser and defendants were the original sellers of a parcel of land, in connection with which said mortgage was delivered as part payment by the grantee to the grantors. The mortgage provided for interest at 7%, admittedly in excess of the legal rate. Plaintiff did not claim the mortgage ‘ ‘ to be a cloak ’ ’ for a usurious loan.
The court said that plaintiff, in relying upon ‘ ‘ the theory that ‘ a purchase money mortgage is a forbearance of money ’ ” was in error, because such a mortgage is neither “ a loan or forbearance ’ ’ within sections 5-501 and 5-511 of the General Obligations Law, and continued: “It is an integral part of a sale with an installment arrangement for payment of an agreed purchase price ’ ’ and concludes: ‘ ‘ A credit arrangement by which the purchase price is increased or the amount of interest stipulated is in excess of normal legal rate is construed as part of the purchase price arrangement and is not forbidden by the laws of usury.”
From our reading of the Mandolino decision, it seems to us that the learned Justice relies upon often-quoted general statements of the law of usury, such as — “ ‘ The prohibitions against usury are inapplicable, however, to a sale of property on credit ’ (Congress Financial Corp. v. Patti, 26 A D 2d 924 [a conditional contract of sale of machinery]; 32 N. Y. Jur., Interest and Usury, § 50) ” and “ Payment of interest in excess of the usual legal rate has been held to be no more than a permissible increase in the purchase price (McAnsh v. Blauner, [supra] ” and “ the usury laws are not applicable to the sale of real or personal property” (32 N. Y. Jur., Interest and Usury, § 43). But our research discloses that these generalizations, while widely quoted and accepted as general statements of the rules expressed, are not here controlling, since the cases from which they are derived are distinguishable on their facts from those here presented, or were not dispositive of the issues presented in the particular case.
Furthermore, we respectfully suggest that the learned court in Mandolino misreads the holding in London v. Toney (263 N. Y. 439, supra) where it .says that it “ restates the rule that exaction of excess interest as a condition to extension of an existing mortgage debt is a ‘ forbearance ’ and within the statutory prohibition.” For in our view of the facts and the holding therein the Court of Appeals determined that there was a forbearance of a money debt simultaneously created upon the *624 defendant’s assumption of the existing mortgage as a part of the extension and guarantee agreements held affected by the exaction of excessive interest. In our opinion the facts in Mandelino and the case at bar are indistinguishable on their face, but we are unable to agree with the learned court’s disposition in the former, having determined, for the reasons herein stated, that the mortgage at bar constitutes a forbearance of money within the proscription of the usury statutes.
We conclude, therefore, that the contract of sale here involved, of which the proposed purchase-money mortgage is an integral part, is prima facie usurious and void, that consequently the complaint states a cause of action, and that the defendant’s motion to dismiss must be denied. By necessary corollary, we determine that the complaint is not dismissible under CPLR 3211 (subd. [a], par. 1), since the defense on the documentary evidence is not made good pending a plenary trial, upon which the facts as to usurious intent or an intent to accept an agreed price (of which the excessive interest was mutually agreed to be a part) may and should properly be determined (Carrington Bros. v. Gadsby, 237 App. Div. 195 [1932]; Guggenheimer v. Geiszler, 81 N. Y. 293, 296; Jefferson Title & Mtge. Corp. v. Dempsey, 153 Misc. 32, 35-36, affd. 242 App. Div. 626, mod. on other grounds 266 N. Y. 190).
In view of our denial of the motion to dismiss, defendant’s motion to cancel the notice of pendency is likewise denied. If the contract in question is ultimately found to be void for usury, plaintiff Raben at least will be entitled to recover his contract deposit (cf. Miller v. Zeimer, 111 N. Y. 441, 445; and Payne v. Burnham, 62 N. Y. 69). And he may even' have a vendee’s equitable lien on the real property here involved to the extent of his contract deposit (cf. Metz v. Forest Hills Homes, 197 Misc. 968, 971, 972; Maurice Apts. v. Kriss, 15 Misc 2d 638). Where a contract has been rescinded on the ground of fraud, an action may be brought to foreclose a vendee’s lien and in connection therewith a lis pendens may bo filed (Metz v. Forest Hills Homes, supra, p. 971; Interboro Operating Corp. v. Commonwealth Security & Mtge. Corp., 269 N. Y. 56). The judgment here sought, to declare the contract void for usury, is not in essence dissimilar to a rescission for fraud; furthermore, the other relief sought, i.e., to impress a lien on the real property to the extent of the contract payment and to enjoin a sale thereof or enforcement of the contract pending the determination of the action, are matters which affect title to or the possession, use and enjoyment of real property within CPLR 6501. In any event we believe the notice of pendency should not be cancelled *625 pending trial or other final determination of the action. Moreover, we are not persuaded on the record herein, that plaintiffs have not commenced this action in good faith. It was better that they seek to void the contract for usury at this juncture than to await closing of title and execution and delivery of the purchase-money mortgage provided for therein.
For the reasons herein stated, the defendant’s motion is in all respects denied, without costs.