ANDREW TITONE, Plaintiff, *v.* GENERAL ELECTRIC CREDIT CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, October 24, 1951.

*Dansun & Hut* for General Electric Credit Corporation, defendant.

*Karl S. Lowenthal* for plaintiff.

Di Giovanna, J. This is a motion for summary judgment by the defendant based upon alleged documentary proof showing prima facie that the complaint fails to state a cause of action and that the defendant is entitled to judgment on its counterclaim.

The complaint alleges that the plaintiff purchased a television set from a dealer for the sum of $340, with other charges added for installation and guarantee; that he paid on account thereof $139.78, leaving a balance of $285.80. The complaint further alleges that defendant dealer made all the necessary arrangements for the financing of the balance from the codefendant and obtained the signature of the plaintiff on various documents.

Paragraph seventh of the complaint alleges: " That the defendants duly represented to the plaintiff that the said television set was of good and workmanlike condition and free of defects, and was guaranteed for one (1) year, and that there would be one (1) year service thereon."

The complaint further alleges that the television set did not operate properly; that the defendants failed to correct or remedy it; that the television set was returned to the defendant dealer and that the defendant dealer still has it in his possession. The affidavit of the plaintiff substantially sets forth facts supporting the aforesaid allegations and alleges further " when the set was installed it did not work and someone from defendant * * * took a look at it, and said that it was defective. The set was thereafter returned and demand was made by me to be restored to status quo. This was refused. The set is now in the possession of (defendant) and they have done nothing to correct this wrong against me."

Paragraph 5: " I never had any dealings with defendant, General Electric Credit Corp., and have joined them in because I have been advised to do so by my attorney. My dealings were with defendant * * * and it was they who represented to me that the set was fully guaranteed and could be returned, and that my money would be refunded."

The affidavit in support of the motion and the papers annexed thereto show that at the time of the purchase defendant affixed his signature to the bottom of a paper entitled " Conditional Sales Contract " at the right-hand side thereof, on a form containing the name of General Electric Credit Corporation in large type in the upper left-hand corner, and that on the lower left part thereof is signed the name of the dealer. On the back of this form, at the bottom of which is printed again in large words, " General Electric Credit Corporation ", in minute type under the heading " Other conditions of contract " appear the following words: " This agreement may be assigned without notice to buyer and, when so assigned, shall be free from any defense, counterclaim or cross-complaint."

The plaintiff has stated under oath that at the time of the purchase he signed a lot of papers at the request of the dealer, which were not filled in but were blank forms, and that he was told that they pertained to a service contract, guarantees, and an agreement to pay the balance in installments. Section 64-a of the Personal Property Law requires as follows: " The printed portion of any conditional sales contract for the sale

for fifteen hundred dollars or less of goods for any use other than a commercial or business use shall be in at least eight point type; the contract shall have written or printed thereon at the top thereof and also just above the place reserved for the signature of the buyer, in a size equal to at least ten point bold type, the words ' Conditional Sales Contract '; and an executed copy shall be delivered to the buyer at the time of the execution thereof.''

The remaining portions of section 64-a totaling about a page and a half of printed material make no mention of matter such as printed on the back of this contract called ''Other conditions of contract ''.

The court is of the opinion, firstly, that there is a question of fact raised in this case as to whether a valid conditional sales contract was actually made between these parties for the reason that it appears upon the face of the contract that printed material is many sizes smaller than what would be considered eight-point type. While the court does not take judicial cognizance of what eight-point type is, it does take judicial cognizance of what eleven-point type is, as is directed to be printed by rule 235 of the Rules of Civil Practice. Furthermore if the plaintiff's statement is to be believed it does not appear that '' an executed copy shall be delivered to the buyer at the time of the execution thereof '' was complied with.

It further appears that there is a question of fact in this case as to whether there was ever a meeting of the minds on the inclusion of the portion appearing on the back entitled, '' Other conditions of contract '', which included the phrase, '' This agreement may be assigned without notice to buyer and, when so assigned, shall be free from any defense, counterclaim or cross-complaint.''

In this case the dealer has not appeared or answered, and until the defendant shall have convinced this court that its position is correct at a trial, judgment cannot be rendered in its favor. From the appearance of the printed matter on the papers it might very well be a question of fact in this case as to whether or not the dealer was really the agent of the credit corporation, rather than an independent dealer, for the reason that the forms are drawn upon the credit corporation's stationery. The court is not now passing upon the question as to whether public policy would forbid the making of a contract of this type as being in violation of section 64-a of the Personal Property Law. One case has been cited in the brief of defendant setting forth

a decision of Mr. Justice McNALLY in the New York Law Journal of June 6, 1951 (*National City Bank* v. *La Porta,* N. Y. L. J., June 6, 1951, p. 2098, col. 4). It does not appear on the face thereof that the language or that the circumstances were the same as in this case.

Submit order denying motion.