Bernard S. Meyer, J.
On April 16, 1957 defendants Kinsey contracted with third-party defendant Champion Industries, Inc., for the erection of a patio in the backyard of their home. The contract calls for an overhead metal awning, aluminum screen and a cement slab and bears the notation, “ Install by May 15, *634 1957 ”. It shows a total price inclusive of sales tax of $1,237.15, a cash payment of $2.15, a balance of $1,235, and by a check mark in the box provided indicates that the balance is to financed. It bears the further notation, “Terms — Bal. $1235 — 60 months ”. The contract was executed on a printed form containing conditional sales contract terms, and defendants Kinsey contend that since it does not, as provided in section 64-a of the Personal Property Law, set forth the credit service charge and insurance premium, the contract is enforcible by both Champion Industries and plaintiff Franklin National Bank, which had notice of the contract at the time it made disbursement to Champion.
The provisions of the printed form relating to installment payments and the reservation of title by Champion Industries appear above the signatures of the defendants, but were not completed. Assuming without deciding that section 64-a of the Personal Property Law has the effect for which defendants contend (cf. Titone v. General Elec. Credit Corp., 201 Misc. 1041), the court finds that the contract in question was not a conditional contract of sale since it called for the attachment of the cement slab and awning to the realty and since by the checking of the “ finance ” box and the failure to complete that section of the form containing the reservation of title, the parties evidenced that they did not intend a conditional contract of sale.
At the time of the execution of the contract of April 16, 1957 defendants Kinsey also executed a printed note in which the date, total amount, number of months, payee, installment amount and initial installment date were blank, and a credit statement application which begins: ‘ ‘ the net amount of credit required for 60 months is $1235 ”. Thereafter, on April 30, 1957, plaintiff Franklin National Bank forwarded to defendant William Kinsey a notice of credit approval which was received by Kinsey in the regular course of mail. That notice advised that the bank had approved the credit application for a property improvement loan in the amount of $1,235 payable in 60' installments of $27.65 per month, the first payment to be due 45 days after purchase of the note. The notice further requested that the bank be notified immediately ‘ ‘ if you have any questions regarding the transaction ”.
On May 31, 1957, the plaintiff bank received a note in which the total amount in figures, “ $1659 ”, the figure “ 60 ” indicating the number of months and the monthly installment of $27.65 were set forth in pen and ink, the name of Champion Industries, Inc. was inserted by rubber stamp, and the note number, date “May 31, 1957 ”, total sum in words, and initial installment *635 date were inserted by typewriter. Except for the bank’s account number, all blanks had been completed when plaintiff received the note. At that time the contract was also presented to the bank. Champion Industries indorsed the note to the bank under an indorsement reading,1 ‘ Without Recourse. The undersigned, by indorsement hereby warrants that the maker has received the complete consideration for this note. ” The bank then made disbursement to Champion of $1,235 and forwarded to defendants Kinsey a notice of disbursement setting forth the total amount of the note, the amount of discount, the amount of the insurance charge and other pertinent data, which notice was received by defendants in the regular course of the mail.
The court permitted parol evidence concerning the meaning of the word ‘ ‘ Finance ’ ’ in the contract. Defendant William Kinsey testified that he knew at the time he signed the notes in April that payments of $27.65 a month for a period of 60 months would be required, but that he had never made the multiplication and that he understood that the total sum of $1,235 included finance charges. He further testified, however, and his credit application showed that he had dealt with other banks and was familiar with finance charges. Over objection the court permitted defendant William Kinsey to testify that had he realized that the total involved was $1,659 he would not have entered into the contract. Whatever the court’s view of the commercial practices of the third-party defendant, the court holds that since defendants were aware that they had undertaken to pay $27.65 per month for 60 months, the fact that they failed to do the multiplication necessary to ascertain that the total was $1,659 does not mean that a contract did not come into existence and does not limit the authority implied from that contract to fill the blanks in the note for installments of $27.65 payable for a period of 60 months and in whatever total sum the multiplication of those figures produced. (Negotiable Instruments Law, § 33; Pimpinello v. Swift & Co., 253 N. Y. 159; Weyerhauser v. Dun, 100 N. Y. 150; National Exch. Bank v. Lester, 194 N. Y. 461.) As between plaintiff and defendants, if both are innocent and both have been victimized by Champion, defendants having permitted the occurrence by signing and delivering the blank note must bear the loss. (Hall v. Bank of Blasdell, 306 N. Y. 336; County Trust Co. v. Berish, 4 A D 2d 777.)
The defendants Kinsey contend that plaintiff bank is not entitled to the benefit of section 33 of the Negotiable Instruments. Law because it was not a holder in due course. In this connection, defendants rely upon Stratford Factors v. Liborio
*636 Corp. (6 A D 2d 423), and Petroleum Acceptance Corp. v. Queen Anne Laundry Service (265 App. Div. 692). Both cases were decided on motion for summary judgment. Both are clear that mere notice of the terms of the contract underlying a negotiable note will not preclude one acquiring the note from becoming a holder in due course unless the contract reveals existence of a breach of contract or some other defect. As already held, the absence of the data required by section 64-a of the Personal Property Law, is not such a defect. The words of the contract “ Install by May 15, 1957 ” did not reveal the existence of any breach even though negotiation took place on May 31,1957, but at most put plaintiff on inquiry whether installation had been made. It is not contended that the bank had actual knowledge of the fact that the contract was not then complete. The court holds that the warranty made by Champion in its indorsement of the note satisfied plaintiff’s obligation and that it had no duty of further active inquiry. As held in Manufacturers & Traders Trust Co. v. Sapowitch (296 N. Y. 226, 230), the bank’s rights as a holder “ are to be determined by the simple test of honesty and good faith ’ ’. The court further finds on the facts that on May 31 there had been no breach. This finding is based upon the testimony of defendant Kinsey that Champion Industries laid the cement foundation and after several telephone calls sent the awning without the screening just before June 1, but that he refused to permit the awning and screening to be erected until the rough edges of the cement work had been repaired; that the awning was thereafter sent back and accepted but that the screening was never sent, and that when Champion came to complete the contract, he refused to permit them to do so because at that time he had learned that the total amount of the contract was $1,659 rather than $1,235.
On the original complaint the court, therefore, finds that the note was completed in accordance with the authorization given, that the plaintiff Franklin National Bank was a holder in due course, and that the plaintiff bank is entitled to judgment against the defendants Kinsey in the amount of $1,659 plus $2.75 late charges and attorney’s fees of $248.85 as provided in said note, or a total of $1,910.60.
With respect to the claim of the Kinseys as third-party plaintiffs against third-party defendant Champion Industries, the third-party plaintiffs attempted to show that they had never received the screening called for by the contract (which third-party defendant concedes but states that it has tendered), that the awning was of improper shape and that the ragged edges *637 of the cement were never properly completed. On a motion by the third-party defendant to dismiss because of a failure on the part of the third-party plaintiff to prove any damage, the court specifically inquired of the attorney for the third-party plaintiffs whether he wished to offer proof of damages on the second cause of action for failure to perform the contract as agreed. The third-party plaintiffs declined to offer such evidence. The court grants the motion to dismiss the third-party complaint in its entirety, the third-party plaintiffs having failed to make a prima facie case on the first cause of action and having failed to prove damages on the second cause of action.
The foregoing constitutes the decision of the court in accordance with section 440 of the Civil Practice Act, and all motions on which decision was reserved are disposed of accordingly.
Settle judgment.