SHELL-ROAD AVENUE Y DEVELOPERS, INC., Respondent, v. ANTHONY LOMBARDI, INC., Appellant, and THE PEOPLE OF THE STATE OF NEW YORK, Defendant.— Order striking out amended answer of defendant Anthony Lombardi, Inc., and granting leave upon terms to serve a further amended answer, affirmed, with ten dollars costs and disbursements, time of said defendant to plead over extended ten days from the entry of the order herein. The defense does not set forth the alleged mistake in clear and precise terms. Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ., concur.

HARRY SIRKIN, Appellant, v. ABE FRIEDMAN, Respondent.— Order denying motion to require defendant to answer certain questions propounded to him in his examination before trial affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

STEEL UNION COMPANY, INC., Respondent, v. DAVID H. SMITH & SONS, INC., Appellant.— Order denying motion to direct plaintiff to serve a new amended complaint, to strike out certain paragraphs of amended complaint, and to grant judgment dismissing complaint affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

P. J. TIERNEY SONS, INC., Appellant, v. MICHAEL BAJOWSKI, Respondent.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The order denied a motion for judgment on the pleadings pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. The action is in replevin. The respondent concedes that the only question is whether the charging and acceptance of more than six per cent for extending a payment due under a conditional contract of sale constitutes usury. The transaction here involved is a sale of merchandise on credit, to which the usury laws have no application. The relation of lender and borrower is not involved. (Orvis v. Curtiss, 157 N. Y. 657; Van Dyk v. Dujardin, 213 App. Div. 791; Dry Dock Bank v. American Life Ins. & Trust Co., 3 N. Y. 344; Title Guaranty & Surety Co. v. Klein, 178 Fed. 689.) Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

TOWN OF NORTH HEMPSTEAD, Appellant, v. WESLEY HARPER, Defendant, and MABEL A. H. GOW, Respondent.— Order denying plaintiff's motion to resettle and correct order and judgment affirmed, with ten dollars costs and disbursements. The order and judgment conform to the settlement agreement of the parties. The court committed no error, clerical or otherwise. Such error as has occurred herein is an error of the plaintiff in respect to the effect of the terms of the agreement of settlement, which terms required the order and judgment to be in the form entered. If it be equitable to do so the plaintiff's remedy is to move to vacate the judgment and seek to be relieved from the agreement of settlement. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.