ARCHER MOTOR COMPANY, INC., Appellant, *v.* BENSON RELIN, Respondent.

Fourth Department, November 16, 1938.

*Henry Redman Dutcher* [*Leonard D. Maraficti* with him on the brief], for the appellant.

*Relin & Relin*, for the respondent.

*Moot, Sprague, Marcy & Gulick* [*William L. Marcy, Jr.*, and *Le Roy H. Hurlbert* of counsel], for Great Lakes Commercial Corporation, *amicus curiæ*.

CROSBY, J.   At the trial in City Court defendant made a motion for a nonsuit at the close of plaintiff's evidence.   The motion was upon several grounds, but was granted solely upon the ground that

the contract sued upon was usurious. The County Court affirmed the judgment entered on the nonsuit.

·The facts in the case are entirely clear and free from dispute. Plaintiff agreed to sell a car to defendant for one hundred and twenty-five dollars in cash. Before the deal was closed defendant told plaintiff that he wished to pay only forty dollars cash on the purchase price, and it was agreed that a conditional sale contract would be made by the parties and that ten dollars would be added to the purchase price as a " carrying charge." The record makes it clear that the so-called carrying charge was to cover the expense of financing in the usual way, and it is undisputed that ten dollars was less than the usual amount charged. It is also undisputed that one hundred and twenty-five dollars was the agreed " cash price," and that the ten dollars " carrying charge " was agreed to be added before the deal was closed and before the title to the car passed from plaintiff to defendant.

The conditional sale contract provided for payment of interest on all deferred payments. Our only question is whether or not the ten dollars was a sum, in addition to legal interest, agreed to be paid " for the loan or forbearance of any money." (Gen. Business Law, § 371.)

In dismissing the complaint the trial court relied upon the authority of the case of *Universal Credit Company, Inc.*, v. *Lowell* (166 Misc. 15).

It has been broadly stated that "a sale of merchandise on credit [is one] to which the usury laws have no application." (*Tierney Sons, Inc.*, v. *Bajowski*, 233 App. Div. 766; affd., 258 N. Y. 563.) However, it is doubtlessly true that, if a pretended sale of goods is made the underlying scheme for loaning money upon usury, the courts will be vigilant to judge the transaction by its real character rather than by the form and color which the parties have seen fit to give it. (*Quackenbos* v. *Sayer*, 62 N. Y. 344; *Hall* v. *Eagle Insurance Co.*, 151 App. Div. 815; affd., 211 N. Y. 507.)

In the instant case the parties did not make the labored effort which is usually made in an effort to disguise usury. The cash price was one hundred and twenty-five dollars. In effect the plaintiff said to defendant: " I must have ten dollars more if I have to go to the expense of handling this matter through a finance company." The lawful intent of the parties is strongly indicated by the fact that the ten dollars carrying charge was boldly set forth in the bill of sale. If, as the cases hold, the courts will be alert to ferret out an evil design, they should at least not be too reluctant to recognize an honest design. Had plaintiff said to defendant: " My price is one hundred and thirty-five dollars, but

I will throw off ten dollars for cash," no one would have thought of usury. Since no sale was made until the parties had agreed upon the larger price for a credit sale, I see no reason to hold that the transaction was tainted with usury. (*Brooks* v. *Avery*, 4 N. Y. 225; *Orvis* v. *Curtiss*, 157 id. 657, at p. 661; *McAnsh* v. *Blauner*, 222 App. Div. 381. See, also, *Levine* v. *Nolan Motors, Inc.*, N. Y. L. J. Aug. 17, 1938, p. 410.)

The judgment should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment reversed on the law and a new trial granted in the City Court, with costs in all courts to abide the event.