JOHN J. LAMULA, Plaintiff, *v.* THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April 23, 1940.

*James Princiotta*, for the plaintiff.

*Harold H. Kissam*, for the defendant.

GENUNG, J. This action is brought by the plaintiff to recover from the defendant bank a penalty under section 108 of the Banking Law. Issue was joined by the service of the bank's answer and the bank now makes this motion for summary judgment.

The plaintiff called at the office of the bank to make arrangements to finance the purchase of a Packard automobile which he intended to purchase from Leonard Kent Motors, Inc. At the bank's office plaintiff signed a conditional sales agreement which set forth the terms of purchase of the automobile and which was in form similar to conditional sales contracts ordinarily used in connection with the purchase of automobiles.

The bank issued its check payable to Leonard Kent Motors, Inc., the vendor under the conditional sales contract. The check contained on its reverse side the following assignment:

" FOR VALUE RECEIVED, the payee by endorsement hereof, does hereby sell, assign and transfer to THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, its successors or assigns, all rights, title and interest in and to an Agreement dated Oct. 6, '38 covering the sale of motor vehicle

PACKARD
999–1424
Serial Number

x43418
Motor Number
and hereby authorizes the said

THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK to do every act and thing necessary to enforce the terms thereof.

" Moreover, the payee warrants that at the time of the sale of said motor vehicle the payee had good title thereto and good right to transfer title thereto.

" LEONARD KENT MOTORS, INC."

This check was delivered to the vendor and the automobile was delivered to the plaintiff. The vendor indorsed the check below the assignment by means of a rubber stamp and it was then deposited in the bank, and the vendor received and retained the proceeds. The plaintiff paid to the bank the installments due under the

conditional sales contract and performed the other conditions therein required to be performed.

Plaintiff now claims that the check in the amount of $400, issued by the bank, represented the proceeds of a loan which was negotiated in order that the plaintiff could buy an automobile from the vendor for cash, and having repaid to the bank the sum of $454, the difference of $54 represents a charge in excess of the rate that the bank is permitted by law to charge for a loan.

In support of this claim, plaintiff submitted an affidavit by the president of Leonard Kent Motors, Inc., which alleges that the automobile was sold for cash and was so entered on the books of the corporation. The affidavit denies that the automobile was sold under the conditional sales contract, denies knowledge of the existence of the conditional sales contract, and denies that any such contract ever was assigned.

The president of the Leonard Kent Motors, Inc., further alleges in his affidavit that the corporation did not have title to the automobile, but sold it as agent for one Erwin Lowenthal. This is in direct conflict with the warranty of title in the assignment to the bank. It is also in direct conflict with the certification made by the president of Leonard Kent Motors, Inc., to the Motor Vehicle Department on the form prescribed by that department for reporting sales of automobiles by dealers, wherein it was certified that the corporation sold the automobile and bought it from one Erwin Lowenthal. Whether the automobile was sold by Leonard Kent Motors, Inc., as agent or principal is not material to the issues in this case.

Other than furnishing the form of the conditional sales contract and drawing it up, the bank claims that its only part in the transaction was the purchase of that contract from the vendor, and the documentary evidence which has been made a part of the papers by the bank conclusively upholds this claim.

As this is a claim for a penalty and the question of usury is raised, the court should very properly look through the form of the contract to determine its true nature and if the court finds that the bank in fact did make a loan, there is a triable issue. If, on the other hand, the court finds that it is a fact that the plaintiff did buy an automobile on time under a conditional sales contract and that the contract was in fact sold to the bank by the vendor, there is no triable issue, for it is well established that neither the usury statutes nor section 108 of the Banking Law has any application to a *bona fide* sale of merchandise on time. (*Brocks* v. *Avery*, 4 N. Y. 225; *Levine* v. *Nolan Motors, Inc.*, 169 Misc. 1025.)

Parol evidence is not permitted to be offered to vary, alter or contradict the terms of a written instrument, but where usury is involved or in an action under section 108 of the Banking Law, evidence is admissible to show that the documents are part of a scheme to evade the operation of the usury statutes or section 108 of the Banking Law. There is no evidence, however, to show any such scheme. The vendor, in denying knowledge of the conditional sales contract and in denying the assignment of the conditional sales contract, does not allege any unlawful scheme. He makes no effort to explain the indorsement of the check and the assignment of the contract. He merely denies the act or knowledge thereof. The denial of an act patently done cannot of itself be made the foundation for finding that the transaction is in violation of the usury statutes or of section 108 of the Banking Law.

The assignment of the conditional sales contract created a contract between the vendor and the bank, and unless the vendor shows that the assignment was secured by fraud, trick or device, he cannot retain all the benefits and then be heard to deny the effect of his assignment.

While it is true that the court will look through the form of the transaction to determine whether any scheme was present to evade the operation of the usury statutes, it will, at the same time, be just as alert to see whether the transaction was in good faith and that a lawful and honest purpose was intended.

The contention of the plaintiff that the contract was drawn in the office of the bank and on a form furnished by the bank, has no bearing whatever on its legal sufficiency, and it is well established that who drew the papers or where they were drawn is of no moment.

The only authority offered in support of his contention is that of *Krim* v. *Morris Plan Industrial Bank* (173 Misc. 141). The essential facts in that case are parallel to the essential facts in this case and that decision has been carefully considered.

This court, however, is not in accord with the reasoning in that case, nor with the conclusion reached therein. The decision reached in that case is against the weight of authority in this State and this court refuses to follow or be bound by that decision.

This court finds that the plaintiff did not make a loan from the bank, but purchased an automobile under a conditional sales contract and that the conditional sales contract was sold to the bank by the vendor.

The motion for summary judgment is granted. The complaint is dismissed.