JOHN MOLDOVAN et al., Appellants, v. JULIUS HEBENSTREIT, INC., et al., Respondents.

Judgment affirmed with costs. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Dore, J., dissents in opinion; Martin, P. J., taking no part.

DORE, J. (dissenting). The issue is whether the transaction was usurious or a *bona fide* sale of a motor vehicle on credit to which it is claimed the usury statute is inapplicable.

The uncontradicted evidence shows that the sale price fixed by the seller was $2,000 (plus $40 sales tax). No other price was asked by the seller or agreed upon by buyer and seller in the original negotiation or recognized in the bill of sale dated July 11, 1941. By cash and trade allowance the purchaser paid $490. He did not have sufficient cash to pay the balance of $1,550. The seller referred him to the finance company called in the bill of sale "Jefferson *loan* N. Y. C." (italics mine). That company prepared on its own forms a note and chattel mortgage dated July 11, 1941, for $2,106, payable in seventy-eight weekly installments of twenty-seven dollars each, in form made to the seller, defendant Hebenstreit, as promisee and mortgagee; but by its terms the note was made payable at the office of the finance corporation in advance of any assignment to it.

On July 11, 1941, the finance company gave the seller a check for $1,550, the complete balance due on the agreed sales price and the seller simultaneously assigned to it the note and the chattel mortgage signed by the buyer the same day.

The purchaser made the weekly payments until March 4, 1942, when the trailer and tractor were damaged in an accident, the tractor becoming a total wreck, the trailer damaged but repairable. At that time the balance due was $1,215. To satisfy such balance, the motor vehicle was sold at public auction and bid in by the finance company which also had collected $610.62 insurance for damages to the truck. At the time of trial the trailer, too, was in its possession.

While the trial court found at plaintiff's request that the transaction was a loan or an advance to plaintiff, it also made a contrary finding at defendant's request, and at the close of plaintiff's evidence dismissed the complaint on the theory that the transaction was not a loan but a sale on credit to which the court held the usury laws had no application.

While there is authority for holding the usury laws inapplicable to a sale on credit unless in fact a cloak for a usurious loan (*Archer Motor Co.* v. *Relin,* 255 App. Div. 333 [4th Dept.]; see notes, 104 A. L. R. 245 *et seq.*), yet in reason and from the economic point of view it has been urged that the two transactions are essentially the same amounting to a contract for the future delivery of money in return for the satisfaction of a present and pressing need (see 23 Cornell Law Quarterly 619, 622 *et seq.*). In *Equity Service Corp.* v. *Agull* (250 App. Div. 96) this court held that so-called finance charges for an alleged risk assumed bore no reasonable relation to the amount charged and that the contract was void and unenforcible for usury.

But wholly irrespective of whether usury laws are inapplicable to sales on credit, this record presents no facts showing a sale on credit. Neither in the negotiations nor in the bill of sale was there one price fixed by the seller for a cash transaction and another and higher price for a sale on credit. As between seller and purchaser there was but one price, namely $2,000 plus $40 sales tax. If the transaction was in fact a loan or forbearance for the payment of money, the additional $556 exacted amounted to usury at the rate of about forty per cent per annum.

The finance company contends that for $1,550 it purchased from the seller a $2,106 note and chattel mortgage. But there was no previously outstanding *bona fide* note or chattel mortgage to be so purchased. On the contrary, the finance company had arranged in advance for the additional $556 before the sale itself was consummated or the note signed. Delivery of the truck, the bill of sale for $2,040 (not $2,596) the note and the so-called chattel mortgage were one transaction.

Where usury is an issue the court must examine the substance and the reality of the transactions and ascertain the true intent and purpose underlying mere forms. In reality in this case a purchaser who could pay down only $490 for the purchase of a $2,000 automobile, had the balance advanced on his behalf by a finance company and for that advance he was obliged to pay the finance company forty per cent interest.

In *London* v. *Toney* (263 N. Y. 439) a large bonus was exacted for the extension of a purchase-money mortgage securing installment payments. The mortgagee contended that usury could not be predicated upon a sale, that the mortgage secured purchase-money installments, that no loan was involved and the usury law was inapplicable. The Court of Appeals held that forbearance of a money debt arising otherwise than from a loan may violate the usury statute. In that case, too, the court expressly limited its previous decision in *Tierney Sons, Inc.*, v. *Bajowski* (258 N. Y. 563). The published report in the *Tierney* case indicated that the usury statute did not apply to an extension agreement under a conditional sales contract. The court, in *London* v. *Toney* (*supra*), said that the unpublished minutes of the proceeding in the *Tierney* case showed that no such issue was decided and the question was left open whether the bonuses demanded for the extension agreement constituted usury. The *Tierney* case therefore is not here controlling.

This transaction was the case of a purchaser who had only $490 to pay down in cash for a $2,040 automobile and needed a loan of $1,550 to complete his purchase. The bill of sale says "$1,550 — to be financed by Jefferson *loan* N. Y. C". Instead of formally lending this to the purchaser and exacting interest at forty per cent which would be obvious usury, the finance company paid the $1,550 to the seller, who having then received all that he bargained for, viz., $2,040 the sole price fixed for the sale, had no further interest and assigned the so-called note and the chattel mortgage requiring an additional $556, equivalent to forty per cent interest, to be paid to the finance company. Under all the facts and circumstances disclosed the note and the chattel mortgage were usurious and should be declared void. Otherwise we exalt mere form above substance and place our approval upon another device to set usurious payments on a loan while evading the usury laws.

Accordingly I dissent and vote to reverse the judgment in defendants' favor and declare the note and chattel mortgage void for usury. As the trial court, however, dismissed at the close of plaintiffs' evidence, a new trial should be ordered but solely on the issue of plaintiffs' damages.