MORRIS PLAN INDUSTRIAL BANK OF SCHENECTADY, Appellant, *v.*
MARY FAULDS, Respondent.

Third Department, May 9, 1945.

*J. Wiggins Collamer* for appellant.

*Charles Ward Brown* for respondent.

BREWSTER, J. Plaintiff brought this action in replevin for a domestic automatic water softener in defendant's possession. The action was brought in the City Court of the City of Schenectady where, in a trial had before the City Judge and without

a jury, plaintiff secured a judgment which has been reversed on appeal to the County Court of Schenectady County and the complaint dismissed.

Originally plaintiff's assignor delivered the appliance sued for to the defendant in February, 1940, upon a *tentative* contract of conditional sale, the balance of the purchase price of which, $225, was arrived at by crediting $125 for the return of a manually operated unit it had previously sold her for cash; and which balance was evidenced by defendant's three months' promissory note in said sum, with interest, payable at the Manufacturers National Bank of Troy, N. Y. The aforesaid contract was tentative in that it provided that the article sold " is to be used on a 3 month trial — at end of this time old blue unit will be re-installed if owner desires and no money paid for use of or otherwise of automatic unit," and the seller reserved the privilege of rejecting the contract and returning the deposit " at any time when it is their [its] opinion that a suitable installation cannot be made." Upon the maturity of this note defendant did not pay it, asserting her inability to do so. Thereupon the rights and liabilities of the parties in aforesaid premises, whatever they were, appear to have been waived and abandoned by the following transaction: Defendant executed an instrument, the forepart of which was in words and figures substantially as follows:

" THE MORRIS PLAN.

|  | Cash Price | 350.00 |
|---|---|---|
|  | Down Pay. | 125.00 |
|  | Bal. | 225.00 |

$264.96　　　　Schenectady,　New York
　　　　　　　　(City, Town　(State)
　　　　　　　　or Village)
　　　　　　　　May　　22,　　1940
　　　　　　　　(Month) (Day) (Year)

" For value received, the undersigned * * * promise(s) to pay to the order of Larkin-Labrum Corp. (hereinafter called the ' payee '), at the office of The Morris Plan Industrial Bank, 224 State St., Schenectady, N. Y., Two Hundred sixty-four and 96/100 Dollars in installments of $7.36 each * * * on the same day of each successive month commencing one month after the date hereof until the amount of this note shall be paid, * * * with an attorney's fee of fifteen per cent of the amount unpaid hereon in case payment hereof shall not be made at maturity, by acceleration or otherwise, and this note shall be

placed in the hands of an attorney for collection." This instrument then recited that the transaction which gave rise to it was the sale and delivery of that which the proofs show to have been the identical automatic water softener appliance which was the subject of the February, 1940, transaction aforesaid, and it then incorporated the usual conditional sale provisions. In description of the article or " goods " sold and beneath a stereotyped heading in the printed part of its form, the instrument recited that its " Cash Selling Price " was $350 and it then stated that its " Total Price " was the amount of the aforesaid note and the sum of $125 which was acknowledged as a cash payment. Thus, in effect, the provision was that the article's cash price was $350 but that, in the way and manner payment was arranged on credit, the total price agreed to was $389.96, to be paid according to the terms of the note above quoted.

Plaintiff purchased the aforesaid note and the instrument which incorporated it, on the day of its execution. It paid $225 therefor and its vice-president and treasurer testified that the increase of the cash selling price of the article " constituted * * * interest added to the $225 for a period of three years, which is the life of the instrument," or " straight 6% for three years." And the president of plaintiff's assignor, the seller, testified that the difference in the cash price and that agreed upon, represented " finance charges " on account of the deferred payment. This testimony the trial court could have construed as witnesses' knowledge of the arithmetical mechanics by which the total purchase price was arrived at by the parties who agreed thereto.

The defendant pleaded usury as a defense. And this, on the appeal to the County Court, has been held good. In order to avail the defense of usury must be made out as any other defense. Inferences as to whether a given transaction is usurious may be determinative. When such are permissible upon evidence which is conflicting or equivocal they may be determinative of the issue. In all cases a loan or forbearance of money at the prohibited rate of interest must be shown if the defense is to prevail. (*Meaker* v. *Fiero,* 145 N. Y. 165, 169.) The questions presented upon this appeal are (1) whether as a matter of law upon the showing of the aforesaid evidence the transaction was usurious, and if not (2) whether the trial court's finding that usury was not established was against the weight of credible evidence.

In answer to the first question we are to find the line of distinction between a usurious forbearance of the payment of money

owing upon the sale of a chattel and a lawful increase of its agreed sale price over its cash price when the sale is on credit with payments deferred. Since the agreement of the plaintiff's assignor and defendant expressly was that the *sale price was that as expressed in the note,* payable over a long credit period in small monthly payments — no interest being charged upon said total price thus agreed to — it may not be said as a matter of law that the transaction was usurious. There was, in the light of the express written agreement of the parties, neither a loan of money nor any charge whatever for the forbearance of money, but merely an agreed advance of the sale price because of the credit extended. (*Archer Motor Co., Inc.,* v. *Relin,* 255 App. Div. 333; *Bonetti* v. *United Beauty Supply,* 31 N. Y. S. 2d 463.) A contract which even provides for a rate of interest greater than the legal rate, *upon a deferred payment which constitutes the consideration for a sale,* has been held to be not usurious (see *McAnsh* v. *Blauner,* 222 App. Div. 381, 382); and if neither loan nor forbearance of money exists there can be no usury " however unconscionable the contract may be." (*Meaker* v. *Fiero, supra,* 170.) Where the purchase price of the goods sold, represented by a purchase money mortgage, is computed by the calculation of interest from a date prior to the agreement, it has been held that it was not usurious, but that such arrangement for computing interest was simply a means of increasing the purchase price, the transaction involving neither a loan nor forbearance in respect to a pre-existing debt. (*Frank* v. *Davis,* 53 Hun 636, reported in 6 N. Y. S. 144.) As respects the contention that there was a forbearance upon the moneys due plaintiff's assignor because of the nonpayment of defendant's first note payable at the Troy bank, this is untenable because of the first contract's provision that defendant had an option to refuse to complete the purchase up to the due date of that note. Thus there was no binding obligation on her to pay that note, and so there was nothing there for plaintiff's assignor to have forborne.

As respects the means by which the agreed purchase price in question appears to have been arrived at, computation discloses that it was equivalent to the cash price plus a sum which nearly equals 6% thereon for three years, or an excess of $19.15 over what would have been legal interest if the deferred payments stipulated had been made. But note that her agreement which defendant has attacked is wholly silent as respects the payment of any interest.

Implicit in the decision of the trial court is a finding that

the evidence was insufficient to establish that plaintiff's assignor committed usury in the transaction. This was not against the weight of evidence. There is naught to indicate that the seller intended to lend money or usuriously forbear the payment of money in any commonly understood sense of the terms. (*Orvis* v. *Curtiss*, 157 N. Y. 657, 661.) The trial court could properly have considered that the sum which would otherwise have been an excess of interest was not unconscionable in amount for the privilege of the credit extended. In *Archer Motor Co., Inc.,* v. *Relin* (*supra*) the sum of $10 was added to the purchase price, in addition to legal interest, upon the sale of an automobile where the cash price was $125 and $40 was paid down with credit for the balance. There over 12% was added. In our case the increase was less than 9%. We think the trial court had the right to find, as it appears it did, that in effect (to paraphrase from the case last cited) plaintiff's assignor said to defendant, " I must have $19.15 more for the appliance if I have to sell you on credit and go to the expense of getting my cash price at once by transferring your note and contract to the plaintiff." Thus the finding was permissible that no sale was made until the parties had agreed upon the larger price for the credit sale, and thus that there was no usury.

The order and judgment appealed from should be reversed and the judgment of the City Court of the City of Schenectady, N. Y., affirmed, with costs in the courts below and in this court.

All concur.

Order and judgment of the County Court, Schenectady County, reversed, and the judgment of the City Court, City of Schenectady, affirmed, with costs in the courts below and in this court.