Dore, J.
The issue is whether a so-called “ credit charge ” 62% in excess of the original cost of an automobile (40% to be paid in one year) is usury or a legitimate and legal charge for deferred payment on credit instead of payment in full for cash.
Plaintiffs bought from defendant Sun Industries, Inc., as seller, a 1942 Cadillac car for $2,224 and received credit for $1,000 on a turned-in Oldsmobile, thus making the net purchase price owed to the seller $1,224, which the defendant finance company advanced. Plaintiffs, the purchasers of the car, allege that by reason of fraud and misrepresentation practiced by the seller, plaintiffs signed a note and chattel mortgage under the terms of which the price is not the $1,224 received by the seller and advanced by the finance company, but $1,980, or 62% in excess of that sum, to be paid off in installments of $110 which in one year total 40% of the actual sale price, alleged to be illegal interest on the sum advanced.
Not only has plaintiffs’ complaint been dismissed but Special Term in the order appealed from expressly provided for severing defendant Jefferson Credit Corporation’s counterclaim by which it also seeks to recover from plaintiffs the value of the car and an additional $250 for its alleged detention. Plaintiffs in their brief alleged that defendants have repossessed the car and resold it for $900. The second order appealed from granting said defendant summary judgment expressly provides that the action “ shall proceed as to the counterclaim notwithstanding dismissal of the complaint.” Thus all issues have been disposed of without a trial and defendant has been granted summary judgment dismissing the complaint and reserving defendant’s additional alleged claims on its counterclaim.
Defendant says that since this was a sale, the increased amount was made only because it was a sale on credit; and that, accordingly, the usury laws are wholly inapplicable, as the additional charges were payments not for the sale of credit but for a sale on credit. In short, it contends that the increase was for deferred payment and is entirely legal.
Plaintiffs in their affidavits expressly allege fraud and deceit on the part of the seller in procuring the note and the chattel mortgage. No reference to or denial of such fraud is set forth in any affidavit on defendant’s behalf.
*48 In" that state of facts, obviously a trial should be had to determine whether or not the documents were in fact procured by fraud. There should be a trial, in any event, to elicit facts on the basis of which the court might conclude that it should look behind the mere form in which the transaction has been cast, and determine whether the substance of it was in effect not that the seller was to receive a greater price for the sale of the automobile on time rather than for cash, but that it was for the seller to realize the same amount of cash in either event and that the benefit of the increase in price was to go to the lender as an illegal bonus for its loan. If it was found that the terms of the transaction including the assignment of the chattel mortgage to Jefferson Credit Corporation had been agreed upon in advance of the sale of the automobile by the dealer to appellants, the court could hold that it was in reality a single transaction which contemplated from the beginning that the finance company would lend for the buyers the cash which they would otherwise have had to pay to the dealer, and that such transaction, in essence a loan to appellants, was infected with usury in its inception.
This case should not be disposed of summarily but should proceed to trial so that all issues may be determined only when all the facts are fully revealed after a plenary trial.
The cases relied on showing a modest discount for cash have no application to a state of facts such as here presented. In Archer Motor Co. v. Relin (255 App. Div. 333) only $10 was added to the purchase price; in Morris Plan Ind. Bank v. Faulds (269 App. Div. 238, 242) $19.15 was added and the court found that the facts warranted the inference that no sale was made “ until the parties had agreed upon the larger price for the credit sale in Jackson v. Westchester Auto Credit Corp. (267 App. Div. 890, affd. 293 N. Y. 840) $87.54 was added but it involved a so-called “ small loan ” for which 2y2% a month is legal interest; also that action was for damages for conversion of an automobile and it was pointed out in the Court of Appeals Reporter’s memorandum that if the contract was void plaintiff purchaser therein could not maintain an action in conversion.
In a case like this, the court should not be facile in granting summary judgment. Usury is interest in excess of 6% for forbearance in collecting money advanced as a loan. When exacted by professionals in the moneylending business, it is always disguised by a facade used to conceal the usury in form while collecting it in fact.
*49 The orders appealed from should be in all respects reversed, with costs and disbursements to plaintiffs-appellants; defendant’s motion for summary judgment dismissing the complaint should be denied and plaintiffs’ motion for a stay pending trial of the action granted.
Shientag, J.