■ FLATBUSH AUTO DISCOUNT CORP., Appellant, v. McCARTHY-BERNHARDT BUICK, INC., Respondent.— In an action on a promissory note, the appeal is from a judgment, entered after trial before the court without a jury, dismissing the complaint. Judgment affirmed, with costs. One Maesano purchased an automobile from respondent. In connection therewith he executed an installment note on April 18, 1956 to the order of respondent payable at appellant's place of business. Respondent indorsed and delivered the note to appellant, a nonbanking corporation. If the transaction was a present loan from appellant to Maesano on a note which had no prior legal inception, the transaction was void. (Banking Law, § 131, subd. 1; General Corporation Law, § 18 [as it read at the time the note was executed].) If the transaction was a purchase by appellant of an existing note which did have a prior legal inception, the transaction was valid. (*Meserole Securities Co.* v. *Cosman*, 253 N. Y. 130.) Whether the transaction was of the former or of the latter type presented a question of fact. The evidence presented was sufficient to sustain the determination of the trial court that the transaction was of the former type. Beldock, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., and Ughetta, J., dissent and vote to reverse the judgment and to direct the entry of judgment in favor of appellant, with the following memorandum: In our opinion, the evidence required a finding that the transactions in question constituted a sale of an automobile by respondent, an automobile dealer, to the maker of the note, or his wife, that the consideration was partly in the form of cash and partly in the form of credit, in connection with which the note and chattel mortgage on the automobile were given to the respondent, that the respondent sold the note and mortgage to appellant, and that the payment by appellant to respondent for the note and mortgage was not a loan to the maker of the note or to anyone else. Under the circumstances, the provisions of subdivision 1 of section 131 of the Banking Law and section 18 of the General Corporation Law, as in effect in April, 1956, which rendered void a note given to secure the payment of money loaned or discounted by a nonbanking corporation, are inapplicable (cf. *Jackson* v. *Westchester Auto Credit Corp.*, 267 App. Div. 890, affd. 293 N. Y. 840; *Moldovan* v. *Julius Hebenstreit, Inc.*, 266 App. Div. 998; *Morris Plan Ind. Bank of Schenectady* v. *Faulds*, 269 App. Div. 238; *Archer Motor Co.* v. *Relin*, 255 App. Div. 333; *Failing* v. *National Bond & Inv. Corp.*, 12 N. Y. S. 2d 260, affd. 258 App. Div. 778; 143 A. L. R. 242 *et seq.*; 152 A. L. R. 598 *et seq.*). [13 Misc 2d 850.]