William B. Groat, J.
Motion by the defendant to vacate the default judgment entered against him on or about September 4, 1958, in the sum of $41,984.60, and to compel the plaintiff to return the proceeds of two accounts of the defendant totaling $3,547.74, which were turned over by the Manufacturers Trust Company, as a third party, pursuant to an order of this- court dated November 3, 1958.
The grounds of the motion basically are that jurisdiction of the person of the defendant was never obtained by the valid service of process upon him and that in any event plaintiff’s claim against him is groundless. In that connection, his affidavit sworn to in the City of Berlin, Germany, on September 19, 1960, argues the ’merits of the plaintiff’s claim upon which the judgment was entered, concluding:
“ Your dependent denies most emphatically that he ever entered into any agreement, oral or written, to employ plaintiff for any kind of services whatsoever, services the nature of which are nowhere stated in plaintiff’s complaint.
“ Your deponent has been advised and verily believes that he has a good and meritorious defense to the allegations set forth in the plaintiff’s complaint, and your deponent respectfully asks that he be allowed his day in Court. ’ ’
In addition, there is annexed to the moving papers the defendant’s proposed answer, verified by his attorney in New York on September 4, 1960. There all of the allegations of the *465 complaint are denied, except paragraph. “1” wherein it was alleged “ That at all times hereinafter mentioned plaintiff and defendant both were and still are residents of the County of Queens, State of New York.”
By urging the lack of merit of plaintiff’s claim, as aforesaid, the defendant must be deemed to have waived his jurisdictional objection and to have appeared generally in the action. (Ratkowsky v. Ratkowsky, 272 App. Div. 775 ; Newtown Jackson Co. v. Barclays Bank, 133 N. Y. S. 2d 726, 729 ; Star v. Star, 127 N. Y. S. 2d 481.) A defendant cannot deny jurisdiction and at the same time urge merits. (Henderson v. Henderson, 247 N. Y. 428, 434 ; Revona Realty Corp. v. Wasserman, 4 A D 2d 444, 449.)
There remains the question whether the default should be opened and the defendant permitted to defend the action on its merits in accordance with his proposed answer, notwithstanding Ms delay in making this motion.
There can be no question that process upon which plaintiff relies was effected virtually on the eve of defendant’s departure to Germany in June, 1958. In his answer to an action brought by the plaintiff in Germany to recover on the judgment now sought to be vacated, his German attorney stated concerning the defendant:
“ A few hours before his departure he was suddenly served with a summons referring to sums, the basis and the amount of which appeared completely foggy to him. Prevented by the short time he still had at his disposal, he had no opportunity anymore to reply to the law suit.
“ Not before now, through tMs action before the Court of Berlin, had the defendant received knowledge of the judgment against him dated 4.9.58.”
The default under the foregoing circumstances is quite understandable, but not his delay in moving to vacate it by this motion, initiated by an order to show cause dated September 26, 1960, when the action in Germany against him was commenced about. 11 months prior thereto. The delay, however, does not appear to have been prejudicial except that in connection with the pending action of the plaintiff to recover on her judgment in Germany, she was compelled to deposit with the German court on April 18,1960, approximately $4,317.30 as security for costs and attorney’s fees and her attorney has already been paid by the plaintiff a sum equivalent to $300.
This disadvantage resulting from the defendant’s delay in moving to vacate his default can be obviated if as a condition for permitting him to answer and to litigate this action on the *466 merits, the defendant is obliged to reimburse the plaintiff for said $300 and any expenses which may be deducted from the amount on deposit in the German court should she elect to discontinue the action therein. In the event she so elects to discontinue, the defendant shall, as an additional condition for being permitted to serve his answer, execute whatever papers and documents are necessary to effectuate that result. In that event, the plaintiff will deposit to the credit of this action and subject to the further order of this court, the amount she was paid from the defendant’s accounts in the Manufacturers Trust Company, less any amount that may be deducted from her deposit in the German court, plus the $300 she paid to her German lawyer.
Another condition upon which the defendant will be permitted to serve his answer and litigate this action on its merits will be that the judgment entered in this court on September 4, 1958, remain in full force as a lien or collateral security. (Mott v. Union Bank of City of N. Y., 38 N. Y. 18, 20 ; Schlein v. Schlein, 276 App. Div. 951.) That judgment, except for such portion thereof as may be in excess of the amount that plaintiff may recover after trial in the instant action, will remain of record and continue unimpaired as a lien. (Grazi v. Douglaston Estates, 18 Misc 2d 967.)
In the event, however, that the plaintiff does not elect to discontinue her German action, the defendant will be permitted to serve his answer and litigate this action on the merits on the further condition that he take no steps to effect the discontinuance or dismissal of that action until the action in this court has been disposed of on the merits and that he reimburse the plaintiff for the $300 counsel fees she paid to her German attorney, which amount shall be deducted from the total sum she received from the Manufacturers Trust Company and the balance will be deposited by her to the credit of this action, as aforesaid.
Settle order embodying the foregoing conditions and fixing a date not later than March 6,1961, for the performance thereof by the defendant, in which event the motion will be granted to the extent of permitting him to serve his proposed amended answer; otherwise, the motion will in all respects be denied.
On Reconsideration:
Motion by the plaintiff for the reconsideration of the defendant’s motion to open his default which was granted conditionally by decision of this court dated January 23,1961.
Inasmuch as the plaintiff’s attorney 'states in his affidavit sworn to February 21, 1961, that it is his client’s intention to *467 discontinue her pending action in Germany to enforce the judgment obtained here and the actual amounts thus far expended by her in connection with that action now total $845.35, besides additional amounts which may be charged upon the discontinuance of that action which cannot presently be ascertained, reconsideration is granted solely to the extent, as one of the conditions for opening the default, of directing reimbursement to the plaintiff of her expenses totaling $845.35, plus such other amounts as she may be charged in connection with the discontinuance of her action in Germany. The amount of such disbursements will be deducted from the $3,547.74, the proceeds of two accounts which the plaintiff has thus far attached in this jurisdiction, and the receipts for those disbursements shall be filed with the Clerk and notice of such filing given to the attorney for the defendant. The balance shall, as provided in the decision of this court dated January 23, 1961, be deposited to the credit of this action.