Per Curiam.

The courts below have determined that a question of fact existed as to the nature of the transaction, involving a promissory note and chattel mortgage, and have resolved that question in favor of respondent, holding that the transaction was a direct loan to the buyer of an automobile. In our view, however, the undisputed evidence demonstrates as a matter of law that the transaction involved nothing more than a sale of an automobile on time by respondent to one Teresa Maesano, coupled with a prearranged sale by respondent to appellant of the Maesano note and chattel mortgage (cf. Brooks v. Avery, 4 N. Y. 225; Jackson v. Westchester Auto Credit Corp., 267 App. Div. 890, affd. 293 N. Y. 840; Lamula v. Morris Plan Ind. Bank, 173 Misc. 874; Dunn v. Midland Loan Finance Corp., 206 Minn. 550; Yeager v. Ainsworth, 202 Miss. 747). Appellant, therefore, made no direct loan to Maesano in violation of subdivision 1 of section 131 of the Banking "Law or section 18 of the General Corporation Law, as they existed in April, 1956.
*778 The judgment should be reversed and judgment for the plaintiff directed,. with costs.
Judges Dye, Fuld, Froessel, Van Voorhis, Burice and Foster concur in Per Curiam opinion; Chief Judge Desmond dissents and votes to affirm upon the ground that, as held by the Appellate Division in its opinion, the issue was one of fact.
Judgment reversed and matter remitted to Trial Term for further proceedings in accordance with the opinion herein, with costs in all courts.