Frank A. Gulotta, J.
This motion to vacate a judgment of foreclosure and sale on the ground that defendant was not served with process has been combined with a second ground to the effect that the defendant has a meritorious defense.
The effect of this generally is to waive the first ground, since a discussion of the merits constitutes a submission to the jurisdiction of the court, making the original absence of it immaterial. (Gundersheim v. Kurcer, 28 Misc 2d 463.) If we assume that defendant has now lost the right to contest jurisdiction, by urging the merits, the only purpose of a hearing on the traverse would be to establish excusable neglect. However, excusable neglect can rest on much less than a successful challenge of service and under the circumstances, there is enough shown here to excuse the default, assuming that there was one. It follows too that defendant has not lost the right to contest on the merits, provided there are any merits. I think that there are.
Although the plaintiff as the holder of a retail installment contract^which was secured by a. mortgage on real property insists that the whole transaction was conducted strictly in accordance with law and that the claim of usury is utterly unfounded, an examination of the papers indicates that the cash price for the work was $4,100 and that the credit charge was $1,688.86. This exceeds 40% in straight interest and the effective rate is over 80% since this loan was to be repaid in 60 equal monthly installments starting in one month.
The Personal Property Law (§ 402, subd. 3, par. [b], cl. [10]) permits the lender to charge interest of 6% per annum on the principal balance on a simple interest basis. Section 404 places an absolute upper limit for credit charges of 10% on the first $500 and 8% on the principal balance, where the contract is of one-year duration. Where the period is for either more or less than a year, the statute requires that the credit charge be computed proportionately.
*932 This may be a little obscure, but it certainly does not mean that this consumer protection statute was designed to allow a higher rate for the first year because the loan was to run for longer than one year. Even if a lender were to start with the proper annual rate, if he were to multiply it by five years and then apply that rate to the whole loan (even the part paid oft in the first year) it would necessarily result in a gross overcharge of five times the lawful rate. Furthermore, aside from the fact that these charges were higher than the statutory rate whatever system of computation be used, this loan was secured by a real property mortgage and nothing has been shown to exempt this transaction from the broad prohibition of section 370 et seq. of the General Business Law wherein a flat rate of 6% on the unpaid balance is the maximum allowed by law. (Vee Bee Serv. Co. v. Household Fin. Corp., 51 N. Y. S. 2d 590, affd. 269 App. Div. 772.)
Defendant’s motion is granted to the extent of vacating the judgment of foreclosure and sale, relieving defendant of her default and allowing her to plead or otherwise move with respect to the complaint within 20 days from date hereof.