■ MUTUAL HOME DEALERS CORP., Appellant, v. ELIZABETH ALVES, Respondent, et al., Defendant.— In an action to foreclose a mortgage on real property given to secure a promissory note in the form prescribed by statute (Personal Property Law, § 403), relating to retail installment sales, in which a judgment of foreclosure and sale in the plaintiff's favor had been entered on the alleged default of the defendant Elizabeth Alves, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County, entered June 30, 1964 upon reargument, as adhered to the court's prior decision and vacated said judgment, relieved said defendant of her default and allowed her to plead or otherwise move with respect to the complaint. Order, insofar as appealed from, affirmed, without costs. The time of the defendant Alves to plead or otherwise move with respect to the complaint is extended until 30 days after entry of the order hereon. The motion was granted at Special Term on the ground that the transaction constituted a loan at a usurious rate of interest. We find that, in form at least, the transaction was a retail install-ment sale made in conformity with the Retail Instalment Sales Act (Personal

Property Law, art. 10). The defendant Alves moved to vacate the judgment of foreclosure on the grounds that she had never been served with process and that she has a meritorious defense. She denies that she was personally served with process. She alleges that she sought a mortgage loan to pay off personal debts and that, in the presence of plaintiff's president, she was told by a representative of a construction company that if she had certain work done to the outside of her Freeport house, which she owned free and clear, and also painted the exterior of her house in Amityville, she would receive enough money to take care of her debts and to pay for both improvements. All this was to be accomplished with one obligation. She agreed to have the work done: (a) for the Freeport house, at a cash sales price of $4,100, which she says included installation of aluminum siding and 19 new window sashes; and (b) for the Amityville house, at a cash sales price of $2,300 for painting the exterior, which she says should not have cost more than $300 or $400. Plaintiff's president says the defendant Alves admitted to him that she had been served with process. He denies participating in the transactions between Alves and the construction company. He asserts that plaintiff is a holder in due course of the promissory note which underlies the mortgage herein, and that the defendant Alves is therefore barred from asserting against plaintiff any claim or defense arising out of the sale. He characterizes the moving affidavits as sham and frivolous. The Special Term held that the issue of service, which would normally be determined after a " traverse " hearing, was waived by reason of the fact that the defendant Elizabeth Alves submitted to the jurisdiction of the court when she urged, as a second ground of relief, that she has a meritorious defense. There is some support for such a holding under the former Civil Practice Act (§§ 237, 237-a; cf. *Revona Realty Corp.* v. *Wasserman,* 4 A D 2d 444, 448-449; *Hammond* v. *Hammond,* 9 A D 2d 615; *Matter of Matthews* v. *Matthews,* 14 A D 2d 546; *Gundersheim* v. *Kurcer,* 28 Misc 2d 463, 465). We believe, however, that under the CPLR no such waiver may be deemed to result from the assertion of inconsistent positions on motions made before trial; the CPLR apparently recognizes and encourages the practice of omnibus motions raising all objections at the same time, regardless of their consistency (cf. CPLR 320, subd. [b]; 3211, 5015; *Boas & Associates* v. *Vernier,* 22 A D 2d 561, 564; *Mittelman* v. *Mittelman,* 45 Misc 2d 445, 448-450). In any event, there is no need here to determine the validity of the service of process or the question of jurisdiction. The interests of justice require vacatur of the judgment herein, provided that the defendant Alves has shown a meritorious defense. If what the defendant Alves says is true, and we express no opinion thereon at this time, then the transaction was not bona fide in view of the alleged grossly excessive cash sales price for repainting the Amityville house. Instead, it was merely a pretended sale intended to cloak a usurious transaction; and, since plaintiff had knowledge of the facts, it is not a holder in due course (see *Archer Motor Co.* v. *Relin,* 255 App. Div. 333, 334 and cases there cited; Negotiable Instruments Law, § 91; Uniform Commercial Code, § 3-302). These facts would constitute a meritorious defense. If, on the other hand, what the defendant Alves says is not true, then it follows that the transaction was bona fide. However, whether the method used to compute the credit service charge is in conformity with section 404 of the Personal Property Law is a question this court has not passed upon (see *Hamla Corp.* v. *Fowler,* 22 A D 2d 818). That issue is not yet before us, and we express no opinion thereon other than to observe that such a defense has at least arguable merit. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur. [43 Misc 2d 930.]