■ ZENITH FINANCIAL CORPORATION, Appellant, v. JOLLY GENE DISTRIBUTOR, INC., et al., Respondents.— In an action by the assignee of a contract for the leasing and sale of certain food-vending machines, to recover from the defendant corporate purchaser and the defendant guarantor the balance of monthly payments and attorney's fees allegedly due under the contract, the plaintiff appeals from an order of the Supreme Court, Nassau County, entered May 5, 1964, which denied its motion made pursuant to CPLR 4404 (subd. [b]) : (a) to set aside the court's decision, made after a nonjury trial, and to set aside the judgment entered thereon dismissing the complaint on the ground that the assignment of the contract failed to comply with the provisions of the applicable statute (Personal Property Law, § 403, subd. 3, par. [a]) ; and (b) for judgment in the plaintiff's favor for the relief demanded in the complaint. Order reversed on the law; plaintiff's motion granted to the extent of setting aside the decision and judgment; the judgment is vacated and a new trial granted, with costs to abide the event. No questions of fact have been considered. In our opinion, the machines in question were goods purchased by the defendant corporation for a commercial or business use within the meaning of the statute (Personal Property Law, art. 10 [Retail Instalment Sales Act]) and are therefore excluded from the protection of its provisions (*Welch* v. *Campbell*, 197 Misc. 165, affd. 278 App. Div. 605). A new trial should be had, however, to determine the rights of the respective parties under the law without reference to this statute (Personal Property Law, art. 10). Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.