■ CONGRESS FINANCIAL CORPORATION, Appellant, v. JOSEPH PATTI et al., Respondents.— Order entered on or about June 28, 1966, denying plaintiff's motion to dismiss defendants' affirmative defense of usury, unanimously reversed, on the law, and the motion granted, with $50 costs and disbursements to plaintiff. Pursuant to the conditional sales contract by which defendant purchased certain dry-cleaning machinery from Arco Machinery Corporation at the stated price of $41,690, defendants paid Arco $16,000 in cash and delivered to it a promissory note for $33,397 payable in 60 monthly installments, with provision for acceleration upon nonpayment of any installment. The $33,397 figure represents the balance of the stated price, $25,690, plus a sum of $7,707, described in the contract as " carrying charges." After the note and contract were executed Arco transferred them for value to plaintiff, a company evidently engaged in the business of buying commercial paper growing out of the sale of industrial machinery. When payments on the note had reduced the principal to $20,594.57, defendants defaulted, and plaintiff brought the present action to recover the accelerated unpaid principal, together with the attorney's fee stipulated in the note. Pleading usury, defendants point out that the carrying charges were $7,707, whereas " Six per cent interest on the reducing principal sum resulting from a monthly liquidation over the five-year term of the note totals but $7,110." The prohibitions against usury are inapplicable, however, to a sale of property on credit (*Brooks* v. *Avery*, 4 N. Y. 225; *Jackson* v. *Westchester Auto Credit Corp.*, 293 N. Y. 840; *Tierney Sons* v. *Bajowski*, 233 App. Div. 766, affd. 258 N. Y. 563; *Archer Motor Co.* v. *Relin*, 255 App. Div. 333; *Thomas* v. *Knickerbocker Operating Co.*, 202 Misc. 286). Defendants adduce no communication of any kind with plaintiff from which an intention to lend or borrow can be inferred (cf. *Benton* v. *Sun Inds.*, 277 App. Div. 46), and we cannot accept their suggestion that the transaction must be deemed a loan because plaintiff made a credit check of defendants before the sale of the machinery was consummated and furnished Arco with the printed forms of promissory note and conditional sales contract used in the transaction (cf. *Flatbush Auto Discount Corp.* v. *McCarthy-Bernhardt Buick*, 9 N Y 2d 776; *Moldovan* v. *Julius Hebenstreit, Inc.*, 266 App. Div. 998; *Lamula* v. *Morris Plan Ind. Bank*, 173 Misc. 874). Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.