ISRAEL J. BECK, Appellant, v. REED GREINERT, Respondent.— *Per Curiam*. Appeal from an order of the Supreme Court at Special Term which denied plaintiff's motion for summary judgment in an action on an alleged account stated for legal services rendered. It appears from the uncontradicted

proof that plaintiff delivered to defendant, in accordance with defendant's request, a statement of his account for legal services; that three weeks later plaintiff sent to defendant a further statement of account which included the total of the previous account plus an item for services rendered after the date thereof; and that defendant retained both statements without objection. This action was commenced about two years later. In answer to the motion for summary judgment defendant presents no factual contradiction or other evidentiary data and interposes merely conclusory denials, as follows: " That there was never an agreement between the plaintiff and your deponent as to the quality and quantity of the services performed, nor as to the amount charged by the plaintiff for the services." Defendant's references to the absence of " an agreement ", overlook the nature and function of an account stated, which implies and creates an agreement, or at least " a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular constituent items ". (1 N. Y. Jur., Accounts and Accounting, § 5.) If, as defendant's argument logically would require, there must always be proven an express agreement underlying that implied by the account stated, there would seldom, if ever, exist any particular reason for invoking the principle of account stated. Additionally, of course, defendant's conclusory statements, hereinbefore quoted, would be insufficient in any event to raise any issue as to " the quality and quantity of the services " or as to their reasonable value; and certainly fail to advance any factual explanation for defendant's retention of the accounts, without objection, or to demonstrate any evidence from which any inference could be drawn contrary to that normally flowing from such retention and constituting, in this case, an unrebutted presumption entitling plaintiff to judgment. (*Steingart Assoc.* v. *Sandler,* 28 A D 2d 801, 803, citing *Lockwood* v. *Thorne,* 11 N. Y. 170; and see, also, *Rodkinson* v. *Haecker,* 248 N. Y. 480.) Order reversed, on the law and the facts, and motion for summary judgment granted, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*