GTP Leisure Products, Inc., Respondent, v Salvatore Cannella, Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant, owner and operator of Stereo Car Radio in Syracuse, appeals both a summary judgment granted on plaintiff's motion in the amount of $1,438.78 due for the cost of goods sold on an open account, and the denial of his cross motion for leave to amend his answer so as to raise the defense of usury and to include a counterclaim based thereon. Plaintiff supplies defendant's business with Quasar television sets and parts. Special Term denied plaintiff's motion with respect to service charges allegedly due in the amount of $155.59. Plaintiff's moving affidavit contained copies of the ledger sheets showing a debit balance in defendant's account of $1,594.37. Defendant's answer was a general denial. His answering affidavit neither provided documentary evidence disputing plaintiff's statement of the account, nor specifically denied the stated amount due. But for the alleged defense of usury, summary judgment would unquestionably have been proper. A general denial is insufficient (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285; *Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255; *Indig v Finkelstein*, 23 NY2d 728; *Beck v Greinert*, 29 AD2d 712). Defendant claims on appeal that even if the debt is not usurious, it would constitute a revolving charge account in violation of New York's Retail Installment Sales Act (Personal Property Law, § 401 *et seq.*). He contends alternatively that the transactions sued on are a "loan or forbearance of * * * money, goods, or things in action" so as to be subject to the usury provisions of section 5-501 of the General Obligations Law. The defendant's arguments lack merit. The Retail Installment Sales Act is

inapplicable to a sale of goods by a wholesale distributor to a retailer for the purpose of resale. (See definition of "goods" contained in Personal Property Law, § 401, subd 1; and see *Zenith Fin. Corp. v Jolly Gene Dist.*, 24 AD2d 507.) Further, this credit transaction was neither a "loan" nor a "forbearance" within the meaning of section 5-501 of the General Obligations Law. The charges imposed upon past due accounts were not interest charges, but service charges "for the privilege of purchasing on credit" *(Zachary v Macy & Co.,* 31 NY2d 443, 457, n 5). (See, also, *Congress Fin. Corp. v Patti,* 26 AD2d 924, wherein the court held that the "prohibitions against usury are inapplicable * * * to a sale of property on credit", citing *Brooks v Avery,* 4 NY2d 225; *Jackson v Westchester Auto Credit Corp.,* 293 NY 840; *Tierney Sons v Bajowski,* 233 App Div 766, affd 258 NY 563; *Archer Motor Co. v Relin,* 255 App Div 333; *Thomas v Knickerbocker Operating Co.,* 202 Misc 286.) Inasmuch as there was no merit to the asserted defenses, Special Term properly granted plaintiff's motion for summary judgment and denied defendant's cross motion to amend the answer. (Appeal from order of Onondaga Supreme Court—accelerated judgment.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.