■ RUMINANT NITROGEN PRODUCTS, Respondent, v DONALD ZITTEL, Appellant.—Order unanimously modified, without costs, in accordance with the following memorandum: Defendant, in this breach of contract action, raised a number of affirmative defenses. Plaintiff moved under CPLR 3211 (subd [b]) to strike three of the affirmative defenses: the fifth, alleging that the contract was usurious; the sixth, alleging that the finance charges were in the nature of penalties; and the seventh, setting forth that the contract violated several State and Federal statutes. On the return date of the motion the court, under CPLR 3211 (subd [c]), ordered a hearing on the factual issues raised. The proof presented was that defendant, a commercial dairy farmer, and plaintiff, a producer of a feed additive, entered into a sales contract on September 13, 1976. The agreement provided for the sale of approximately 225 tons of the additive at a price of $169.70 per ton, to be delivered to defendant's farm. Under the payment and credit terms of the agreement, payment was due 60 days from date of invoiced delivery. Defendant would receive a 1½% discount for payment within 30 days. Beginning December 24, 1976 payment could be in installments with a 1% per month finance charge imposed on the total balance unpaid beyond the due date, and no interest would be assessed if defendant paid in full by March 15, 1977. Plaintiff delivered a total of 184.09 tons, billing defendant $31,245.16 for the entire amount delivered. Defendant testified, however, that he was to be billed only for so much of the product as he used, and that the unused amount remained the property of plaintiff. Defendant claimed that he used approximately 134 tons and then stopped because the product did not perform as represented, and plaintiff never reclaimed the remainder. The court granted plaintiff's motion and dismissed the three affirmative defenses, finding as a matter of fact in relation to the seventh that the transaction involved more than $25,000. Defendant claims that the finance provisions violate the Retail Instalment Sales Act (Personal Property Law, § 401 *et seq.)* and the usury provisions of section 5-501 of the General Obligations Law. The transaction is not covered by the Retail Instalment Sales Act, which by its terms does not apply to goods sold for a business or commercial use *(Zenith Fin. Corp. v Jolly Gene Distr.,* 24 AD2d 507; Personal Property Law, § 401, subd 1). Furthermore, such a buying arrange-

ment is exempt from the usury laws as a "time price differential" *(Zachary v Macy & Co.,* 31 NY2d 443, 457, n 5; *GTP Leisure Prods. v Cannella,* 58 AD2d 1040). The fifth affirmative defense was properly dismissed. The discounts and charges on the balance which depend on time of payment, complained of in the sixth affirmative defense, are permissible as analogous to agreements where lesser interest is charged before a loan's maturity than after, and do not impose a penalty *(Union Estates Co. v Adlon Constr. Co.,* 221 NY 183). This defense was properly dismissed. The seventh affirmative defense alleges that the transaction violates the Federal Truth in Lending Act (US Code, tit 15, § 1601). However, the act does not apply if the transaction involved more than $25,000 (US Code, tit 15, § 1603, subd [3]), and the court so held after the hearing. Defendant's testimony was that he was only to be charged for the amount of feed additive used, not the full amount delivered; that he did not use all that was delivered and was promised that the remaining product would be removed and his account credited. Based upon the amount defendant used, we calculate that the sum involved would be between $22,364.76 and $23,349.02. Plaintiff did not produce any testimony contradicting that of defendant, but relied upon his motion papers that the contract was for $31,245.10, the full amount delivered. We believe that the record before the court was insufficient for a determination of whether defendant was required to pay for the amount of product delivered or the amount used and, if the latter, how much was used. The seventh affirmative defense was improperly dismissed, and the court upon trial should ascertain whether the transaction involved more than $25,000. (Appeal from order of Wyoming Supreme Court—affirmative defenses.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.