■ GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant, v ANTHONY J. MORGESE et al., Respondents.—Kane, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered May 2, 1989 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff is the assignee of a retail installment contract and security agreement, dated May 5, 1986, covering the purchase of a used Iveco truck sold by Albany Dodge, Inc., the assignor, to defendant Anthony J. Morgese (hereinafter defendant), as purchaser. Defendant executed the contract at the request of defendant Joseph Hartman, who had contacted him in the spring of 1985 proposing that in return for defendant securing the financing of a truck for his moving business, Hartman would give defendant an interest in the business. Since Hartman was having difficulty obtaining financing and defendant wanted to protect his potential interests, it was decided that defendant would purchase the truck and allow Hartman to use it as long as Hartman made the payments. Arrangements were made by Hartman with Albany Dodge for defendant to sign the completed contract which designated defendant as the buyer of the vehicle. However, the Department of Motor Vehicles' acknowledgment of purchase and the certificate of sale filed by Albany Dodge designated Hartman and defendant Agenjo-Hartman Company, Inc., respectively, as the purchaser of a *new* vehicle. Defendant contends that he had no knowledge of these subsequent filings and that, as the only signatory to the contract as purchaser, he considered himself to be the owner of the truck.

The retail installment contract was purchased by plaintiff in August 1986 and a payment book issued to defendant, who denies ever receiving it. Two or three months after the sale no payments had been made and defendant, after notice from plaintiff, allegedly contacted Hartman who agreed to obtain the payment book from plaintiff. Thereafter, payments were made until August 1987 when two checks from Hartman were returned to plaintiff because of insufficient funds in his account. Defendant was notified of this delinquency and on September 15, 1987 plaintiff served a formal demand upon defendant to surrender the truck. Defendant contends that he informed plaintiff that he would make the payments as soon as he secured the truck, but attempts to locate the truck proved fruitless. Defendant enlisted the aid of the police who informed him that he was not the titled owner of the vehicle and therefore they could not provide any assistance. Defen-

dant contends that this was the first time he had any knowledge that title to the truck was not in his name.

Plaintiff thereupon commenced this action for replevin. The vehicle was eventually repossessed and found to be in a damaged condition. An order was secured confirming the seizure and defendant was notified of his right to redeem. The notice informed defendant that upon his failure to act the vehicle would be sold at auction and he would be held accountable for any deficiency. Defendant declined to exercise his right to redeem because of the damaged condition of the vehicle, the truck was sold and a deficiency of $15,964.36 was incurred. Plaintiff moved for summary judgment for the deficiency balance. Defendant responded, contending that as seller, Albany Dodge failed to give consideration for his promise to pay the contract amount when it titled the truck in the name of Hartman or his business. He contends that this defense is sufficient against plaintiff and that a provision in the contract provided that plaintiff took assignment of the contract subject to any defenses he had against Albany Dodge. Supreme Court, finding that this issue presented a question of fact, denied the motion. This appeal by plaintiff ensued.

In our view, there must be a reversal. Clearly, defendant has presented affidavits and other admissible proof in the form of Department of Motor Vehicles documents to show that the vehicle he contracted to purchase was in fact sold to and titled in others (see, Zuckerman v City of New York, 49 NY2d 557, 560), proof which creates genuine triable issues of fact. However, the question arises whether, as a matter of law, defendant may interpose the defense of failure of consideration against this plaintiff.

We think not. The record demonstrates that the retail installment contract executed by defendant represented a "sale" for a commercial or business purpose, thereby excluding defendant from the protective provisions of Personal Property Law article 9 (see, Personal Property Law § 301 [4]; § 302 [9]; cf., Ruminant Nitrogen Prods. v Zittel, 78 AD2d 766; Zenith Fin. Corp. v Jolly Gene Distrib., 24 AD2d 507). Accordingly, full force and effect must be given to the waiver of defenses clause of the contract which states that the "Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract". In fact, plaintiff is an assignee of a retail installment contract for the sale of nonconsumer goods. Generally, such an assignee stands

in the shoes of its assignor and the defense of failure of consideration may be raised against it *(see,* 3 Williston, Contracts § 432, at 182-185 [Jaeger 3d ed]). However, an obligor can be precluded from raising a defense against an assignee when the assigned contract contains a waiver of defenses *(see,* 3 Williston, Contracts § 432, at 178-179 [Jaeger 3d ed]; Annotation, 39 ALR3d 518, 535, § 7). Moreover, such a clause may operate as an estoppel *(see,* 6 NY Jur 2d, Assignments, § 56, at 295-296).

As previously stated, the contract signed by defendant contains a clause waiving, as against any assignee, defenses good against Albany Dodge. In the absence of any defense alleging fraud or that the assignor was the agent of the assignee, allegations not present in this case, the waiver of defenses clause prevents defendant from interposing the defense of failure of consideration *(see, Pennsylvania Exch. Bank v Kenmore Furniture Co.,* 279 App Div 899; *President & Directors of Manhattan Co. v Monogram Assocs.,* 276 App Div 766, 767, *appeal dismissed* 300 NY 677; *see also, Titone v General Elec. Credit Corp.,* 201 Misc 1041). Accordingly, since the record demonstrates the requisite evidence of defendant's default in the terms of the security instrument, plaintiff's full compliance with the provisions of UCC article 9, part 5 and the absence of any agreement which would vitiate those statutory provisions *(see,* UCC 9-503, 9-504 [2]), plaintiff is, as a matter of law, entitled to judgment in its favor.

Order reversed, on the law, without costs, motion granted and summary judgment awarded to plaintiff. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.